GRIFFIN *et al. v.* GULF & SHIP ISLAND R. Co. *et al.*

(In Banc.   April 23, 1945.)

[21 So. (2d) 814.   No. 35790.]

**Culkin, Laughlin & Thames**, of Vicksburg, for appellants.

460

May & Byrd, of Jackson, **Gardner, Backstrom & Gardner,** of Gulfport, and **Chas. A. Helsell** and **Jos. H. Wright,** both of Chicago, Ill., for appellee, Gulf and Ship Island Railroad Company.

464

Hannah, Simrall & Foote, of Hattiesburg, for appellees, Brotherhood of Locomotive Engineers.

Argued orally by **J. T. Thames**, for appellants, and by **T. C. Hannah**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to and dismissing a bill of complaint.

It appears from the bill and exhibits thereto that the appellants are negro locomotive firemen on the Gulf and Ship Island Railroad without the right to join any of the railroad labor unions. In 1937 pursuant to a provision of the Railway Labor Act, Title 45 U. S. C. A., Sec. 152, they appointed the Brotherhood of Railroad Engineers as their collective bargaining agent and that Brotherhood shortly thereafter obtained an agreement from the Railroad Company that its negro firemen should become parties to a contract entered into in 1923 by the Railroad and the Brotherhood for the benefit of the Railroad Company's "Locomotive Engineers, white Firemen and Hostlers." Section 26 of this contract provides that "seniority rights of Engineers and Firemen will commence with first trip made or day's work performed." In 1926, after the Gulf and Ship Island Railroad had been incorporated into the Illinois Central System, a number of engineers were transferred from the Illinois Central and Yazoo & Mississippi Valley Railroads to the Gulf and Ship Island Railroad, and the Brotherhood of Locomotive Engineers obtained an agreement, without the appellees' knowledge, that ten of these transferred engineers, if demoted to firemen, could displace a similar number of junior colored firemen.

In 1941 a disagreement arose between the Gulf and Ship Island Railroad officials and the Brotherhood of Locomotive Engineers as to whether this agreement as to demoted engineers was temporary or permanent, the Railroad officials claiming that it was temporary and

could be terminated by them. This dispute was presented to the Railroad Adjustment Board in accordance with a provision therefor in the "Railway Labor Act." Both sides presented their contentions and the reasons therefor in writing, but neither of them disclosed to the Board the Railroad's agreement as to the seniority rights of its negro firemen made in 1937. These firemen, the appellants here, did not know of this proceeding and were also without the right to appear therein, except by their bargaining agent, the Brotherhood of Locomotive Engineers. On June 1, 1941, the Brotherhood of Locomotive Engineers entered into another written contract with the Gulf and Ship Island Railroad Company, styled "Schedule of Rules and Rates of Pay for Locomotive Engineers, Firemen and Hostlers." Article 15 of this contract provides that "seniority rights of Engineers and Firemen will commence with first trip made or day's work performed." Article 35 thereof provides that "the rules, rates and conditions herein set forth constitute an agreement effective June 1, 1941, and will supersede any former agreements, rules and interpretations thereon (except local working rules not covered by this agreement) and will not be revised or abrogated until after thirty (30) days' notice in writing by either party to the other."

This agreement, as the appellees admit, is not limited to white firemen but includes all firemen, both white and colored. The Railroad Adjustment Board rendered its decision on December 17, 1941, without this contract of June 1, 1941, being called to its attention; sustained the claim of the Brotherhood of Locomotive Engineers and held "that the rights thus acquired by the said ten transferred men may not now be denied them unless by negotiation and agreement between the accredited representatives of parties involved."

The Railroad Company being about to put this award into effect thereby displacing the claimed seniority rights of the appellants under the June 1, 1941 contract, they instituted this suit to restrain the Railroad from so doing.

The seniority provision of the June 1, 1941 contract made with the Railroad Company by the Brotherhood of Locomotive Engineers on behalf of its members and these appellants governs here and grants the appellants the seniority rights claimed by them, unless, as the appellees say, the agreement made by the Brotherhood with the Railroad Company in 1926 as to the seniority rights as firemen of engineers demoted to the position of firemen, is a local working rule, and, therefore, within the exception in the contract set forth in Article 35 thereof. The phrase "local working rules" ex vi termini means rules confined in their operation to a particular locality or a limited district. The Railroad Company's agreement with engineers as to seniority rights of its demoted engineers made in 1926 was not so confined, but applied to the entire railroad and to all of its engineers and firemen. Consequently, that agreement is not within this exception in the 1941 contract.

But the appellees say the order of the National Railroad Adjustment Board is res judicata of the claim here made by the appellants. This for several reasons we can not admit. One sufficient reason therefor is that under its agreement with these appellants, and the provisions of the Railway Labor Act, the Brotherhood of Locomotive Engineers owed these appellants the same duty to protect their seniority rights that it owed to its own members. This duty it failed to discharge when it presented to the National Railroad Adjustment Board the dispute between this Railroad and its engineers as to the seniority rights of its engineers demoted to firemen. In the presentation of this dispute to the Railroad Adjustment Board by the Brotherhood of Locomotive Engineers these appellants and their seniority rights were wholly ignored and the dispute was presented to and tried by the Board as one between the railroad and its complaining engineers only. In pleading this order of the Railroad Adjustment Board as res judicata the Brotherhood of Locomotive Engineers is pleading its own wrong, which

the law of res judicata does not require us to permit. This Railroad Company was a party to this wrong done the appellants for it knew of the contract it had made in June, 1941 for their benefit and did not call the Railroad Adjustment Board's attention thereto. These views seem to be sanctioned by Steele v. Louisville & Nashville R. Co., 65 S. Ct. 226, 89 L. Ed. 172, recently decided by the Supreme Court of the United States.

The demurrer to the appellee's bill of complaint should have been overruled.

Reversed and remanded.

DISSENTING OPINION.

Roberds, J., delivered a dissenting opinion.

I think the action of the Railroad Adjustment Board was res adjudicata. The very question presented to it, as I understand, was whether the replacement arrangement was temporary or permanent.