### GRIFFIN et al. v. ILLINOIS CENT. R. CO. et al.

No. 48 C 444.

United States District Court
N. D. Illinois, E. D.

Dec. 16, 1949.

C. Francis Stradford, Chicago, Ill., Houston, Houston, Hastie & Waddy, Charles H. Houston, Washington, D.C., for plaintiffs.

John W. Freels and Herbert J. Deany, Chicago, Ill., and Burke Willamson, of Adams, Williamson & Turney, Chicago, Ill., for defendants.

LA BUY, District Judge.

The complaint herein is brought by two residents of the State of Mississippi employed as locomotive firemen by the Gulf and Ship Island Railroad Company, and its successor, Illinois Central Railroad Company, in their individual behalf and as class representatives of all Negro firemen employed by the railroad.

Defendant Brotherhood of Locomotive Engineers is an unincorporated international railway labor union, whose membership is drawn from white locomotive engineers and firemen employed by railroads in the United States and Canada and from which Negro firemen are excluded.

Defendant Lodge No. 10 is an unincorporated subordinate lodge of the Brotherhood with Chicago headquarters whose membership is drawn from white engineers and firemen employed by the Illinois Central. It is sued as a representative of all subordinate lodges of the Brotherhood, the Brotherhood membership, and the Brotherhood itself.

Defendant J. W. Mooney, a resident of Chicago, is a member of the Brotherhood and General Chairman of the General Committee of Adjustment of the Brotherhood for the engineers employed by the Illinois Central. He is alleged to be the highest official of the Brotherhood having general authority under the Brotherhood constitution and by laws to handle matters of collective bargaining and is grievance representative under the Railway Labor Act on the Illinois Central system. He is sued as a representative of all the members, sublodges, and the Brotherhood.

Defendant W. A. Dahlberg, a resident of Chicago, is a member of the Brotherhood and local chairman of Lodge No. 10. He is sued as a representative of all the members, sublodges and the Brotherhood.

Jurisdiction is based on the Fifth Amendment to the Constitution, Civil Rights Act, 8 U.S.C.A. §§ 41 and 43, Railway Labor Act, 45 U.S.C.A. Ch. 8, Judiciary Act, 28 U.S.C.A. § 41(8) and (12), [revised §§ 1337, 1343], and the Federal Rules of Civil Procedure 17(b) and 23(a), 28 U.S.C.A.

In 1923 Gulf employed white locomotive engineers and white and negro firemen and hostlers. The white employees were members of the Brotherhood of Locomotive Engineers and had negotiated a collective bargaining agreement with the carrier on rates of pay, rules and working conditions for engineers and white fireman and hostlers. The Negro firemen were not covered in said agreement, their employment being at the will of the carrier.

In 1925 the Yazoo and Mississippi Valley Railroad Company, a part of the Illinois Central system, leased the Gulf property. To accommodate the increased work load engineers were transferred from other parts of the Illinois Central to Gulf.

In 1926 the Brotherhood obtained an agreement with Gulf and Ship Island whereby approximately ten of the transferred engineers who had lost their assignments due to work slackening would be entitled to displace ten negro junior firemen holding regular assignments. No notice or representation was made to the Negro firemen, who were not parties to the agreement and were not represented. It is alleged that the dispute in this cause stems from the fact that the carrier contends this was a temporary arrangement whereas the Brotherhood maintains it is a permanent working rule.

In 1937 the Brotherhood was selected to represent the Negro firemen and in June

1937 an agreement was made whereby the carrier agreed to extend to Negro firemen standard rates of pay, working conditions and seniority rights covered by the 1923 agreement for engineers. No exception was made and nothing said about the 1926 agreement; the Negro firemen believing it had expired and in any event ended by the 1937 agreement.

In 1940 the Brotherhood, without notice to the Negro firemen, renewed its claim for application of the 1926 agreement and the carrier refused to recognize it as being in effect whereupon the dispute was submitted to the First Division of the National Railroad Adjustment Board without notice to the Negro firemen.

On June 1, 1941 the Brotherhood negotiated a new collective bargaining agreement for engineers and all firemen, including non-member Negro firemen, providing that this contract superseded all former agreements "except local working rules not covered."

On December 17, 1941 the First Division sustained the claim of the Brotherhood that the 1926 agreement was in effect as a local working rule. Suit was filed by plaintiff and the entire class in Chancery Court of Mississippi in Griffin v. Gulf and Ship Island. That court sustained a demurrer to the complaint which was reversed by the Supreme Court of Mississippi on April 23, 1945, 198 Miss. 458, 21 So.2d 814.

Meanwhile plaintiffs and other Negro firemen repudiated the Brotherhood as its representative invoking a representation dispute before the National Mediation Board and on July 19, 1945 the Board certified the International Association of Railway Employees as representative under the Railway Labor Act for the entire craft of firemen on the Gulf property, whereupon the Chancery Court suit was dismissed without prejudice so that the new representative could proceed to attempt to negotiate away the claims of the Brotherhood under the 1926 agreement.

On December 26, 1945 the Illinois Central acquired the property of the Gulf and Ship Island Railroad Company.

In March 1946 following the absorption of Gulf by the Illinois Central, the Brotherhood resubmitted the dispute under the 1926 agreement and for interpretation of the Award. The Negro firemen were notified and requested leave to intervene, but the First Division refused and on August 1, 1946 confirmed the previous award.

The relief prayed for is (1) to enjoin enforcement by the carrier of the award, (2) judgment against the Brotherhood, Lodge No. 10, Mooney and Dahling in the sum of $100,000 compensatory damages and $100,000 punitive damages for breach of statutory duty to represent.

The Illinois Central Railroad Company has filed its answer. The motion under consideration here is filed by the Brotherhood, Lodge No. 10, Mooney and Dahling and requests dismissal of the complaint and to quash the service of summons on the Brotherhood and Lodge No. 10 on the ground (1) the court lacks jurisdiction of the Brotherhood and Lodge No. 10 since a class suit against them is not proper under the Rules (2) venue is improper since the Brotherhood is not an inhabitant of this district (3) summons and service of process are insufficient to give jurisdiction over the Brotherhood and Lodge No. 10 and (4) failure to state a claim.

The affidavit of J. W. Mooney has been filed in support of said motion and avers he is the General Chairman of the General Committee of Adjustment of the Brotherhood on the Illinois Central but has no authority over Gulf and Ship Island, Alabama & Vicksburg, Yazoo and Mississippi Valley lines of the Illinois Central; avers the Brotherhood is a voluntary unincorporated association with headquarters and principal place of business in Cleveland, Ohio, is composed of 80,000 members in the United States and Canada, and is governed by a constitution. Its officers are Grand Chief Engineer, First Assistant Grand Chief Engineer, twelve other assistant Grand Chief Engineers, General Secretary-Treasurer, Editor and Manager of Journal, Grand Guide and Grand Chaplain. The Brotherhood is composed of 900 local lodges, 25 of which are in the jurisdiction of this court.

It alleges that Mooney was a railroad official on the Gulf property from March 1, 1926 to September 14, 1930, but has not since been employed by the Illinois Central; that no member of Lodge No. 10 was employed by Gulf; that for the past four years Mooney has been and still is Chairman of the General Committee of Adjustment of the Brotherhood on the Illinois Central; that it is a committee composed of chairmen of local committees of adjustment of the lodges of the Illinois Central; that there are 22 lodges on the portion of the Illinois Central on which affiant acts; that he is elected by the members of the General Committee of Adjustment and not appointed by any officer of the Brotherhood; that he is paid by dues and assessments from members of the Brotherhood and not from the General funds of the Brotherhood; and that he never has been an officer of the Brotherhood or a managing or general agent or agent to receive service of process on behalf of the Brotherhood.

Plaintiffs allege in their brief that the Brotherhood was sued in its common name under Rule 17(b) and "against the possibility it might have trouble on the question of venue as the general headquarters of the Brotherhood are in Cleveland, Ohio" also brought the action against the Brotherhood as a class suit under Rule 23(a) by proceeding against Lodge No. 10, Mooney and Dahling.

In treating the suit as an action against the Brotherhood in its common name reference must be made to Rule 4(d) of the Federal Rules of Civil Procedure. This rule provides that service of summons on an unincorporated association shall be made by "delivering a copy of the summons and of the complaint to an officer, a managing [agent] or general agent, or to any other agent authorized by appointment or by law to receive service of process." The affidavit of J. W. Mooney is not controverted and therefore his statement of not being an officer or person authorized under Rule 4(d) to receive service of process must be accepted as true. Therefore, the court finds that J. W. Mooney was not a proper person to receive summons on the Brotherhood when sued in its common name.

In any event, there is the further problem which must be considered involving the venue of the action against the Brotherhood when sued in its common name. It was determined in Brotherhood of Locomotive Firemen and Enginemen v. Graham, D.C.Cir., 1948, 175 F.2d 802, reversed by the Supreme Court of the United States on interpretation of a local District of Columbia statute 1949, 338 U.S. 232, 70 S.Ct. 14, that an unincorporated association is an inhabitant only of the district in which is located its principal office. The venue statute applicable to federal courts provides that suit shall be brought against any person only in the district whereof he is an inhabitant. The affidavit of J. W. Mooney being uncontroverted, it is established that the Brotherhood of Locomotive Engineers is an inhabitant of Cleveland, Ohio cannot be sued in this district under its common name.

Plaintiffs request that in the event service of process and venue are not proper in the suit against the Brotherhood in its common name, this court follow the decision of the Court of Appeals of the Fourth Circuit in Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 148 F.2d 403, 406 and treat the action as a class suit against these defendants. It is to be noted the complaint herein proceeds on two theories (1) a suit to enjoin the carrier from enforcing an alleged void award and (2) a suit for damages against the Brotherhood, Lodge No. 10, Mooney and Dahling for breach of statutory duty to represent plaintiffs in collective bargaining agreements. Plaintiffs state the Illinois Central does not run to Cleveland, Ohio and that consequently no service of process can be had on the carrier in that venue or district.

The complaint alleges that Lodge No. 10, J. W. Mooney and W. A. Dahling are sued as representative of the members of the Brotherhood, the subordinate lodges of the Brotherhood, and the Brotherhood itself. It is clear, therefore, that these defendants were joined as members of the class constituting the Brotherhood. The court is of the opinion this suit should be considered as a class suit. The court is further of the opinion that J. W. Mooney, a

member of the Brotherhood, and General Chairman of the Committee of Adjustment for the Brotherhood on the Illinois Central is a person "whose character in relation to the association is such that it could be reasonably expected that he would give notice of the suit to his association." The court also considers Lodge No. 10, a subordinate lodge of the Brotherhood, and W. A. Dahling, its local chairman, to be in the classification above set forth. The court therefore holds that on the basis of a suit against these defendants as representatives of the class, proper service has been made upon the class.

The complaint shows that since 1945 the Negro firemen have been represented by the International Association of Railway Employees on the Gulf and Ship Island property. The defendant Brotherhood states that prior to filing this action plaintiffs should have submitted the question of whether any contract they may have with the railroad gives them the right to fill the ten firing jobs to the National Railroad Adjustment Board. Plaintiffs contend the First Division of the Adjustment Board as presently constituted is not a proper administrative tribunal to pass on an issue which basically is a conflict in interest between Negro firemen and white engineers and that this case is the exception which the Pitney case, Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, contemplated when it directed the district court to stay the dismissal of a suit until after an opportunity was given for application to the Board for an interpretation of agreements. See also Order of Railroad Telegraphers v. New Orleans, Texas & Mexico Ry. Co., 8 Cir., 1946, 156 F.2d 1; Hampton v. Thompson, 5 Cir., 1949, 171 F.2d 535.

The Chancery Court action in Mississippi was dismissed so as to allow the new representative to negotiate away "the effects of the award". If a contract was entered into between the new bargaining representative and the carrier regarding plaintiffs' positions, and this possibility is not denied by plaintiffs, such a contract should be submitted to the consideration of the National Railroad Adjustment Board. This court will stay these proceedings to allow the International Association of Railway Employes, the collective bargaining agent for plaintiffs, to present to the Board their grievance and for the interpretation of their agreement on behalf of the plaintiffs with the carrier herein.

The motion to quash the service of summons on the Brotherhood of Locomotive Engineers in its common name is sustained; the motion to quash service of summons on Lodge No. 10 of the Brotherhood is overruled; further proceedings in this cause are stayed until the plaintiffs and their representative present their grievance to the National Railroad Adjustment Board for its interpretation and decision.