### McNUTT et al. v. UNITED GAS, COKE & CHEMICAL WORKERS OF AMERICA, C.I.O., et al.
### Civ. A. No. 1044.

United States District Court
W. D. Arkansas, Fort Smith Division.
Dec. 17, 1952.

---

81. Transcript, p. 74.

82. Transcript, pp. 1283, 1284.

83. Transcript, p. 77, pp. 102–105.

Hardin, Barton & Hardin and Charles R. Garner, Fort Smith, Ark., for plaintiffs.

G. L. Grant, Fort Smith, Ark., Benjamin C. Sigal, Washington, D. C., for defendants.

JOHN E. MILLER, District Judge.

On November 5, 1952, plaintiffs filed their complaint against defendants seeking to recover damages in excess of $3,000 for personal injuries allegedly inflicted upon them by defendants.

In the complaint the plaintiffs alleged:

That they are now and were at all times mentioned in the complaint citizens of the State of Oklahoma.

That the defendant, United Gas, Coke and Chemical Workers of America, C. I. O., is an international labor organization existing under and by virtue of the voluntary association of its members; that the defendant, Dave B. Sisco, is denominated by his codefendant as a business manager and international representative of United Gas, Coke and Chemical Workers of America, C. I. O., hereinafter referred to as

United, and the defendant Sisco is a citizen and resident of the Western District of Arkansas, Fort Smith Division, and is therein engaged in representing and acting for his codefendant, United.

That the Court has jurisdiction of this cause to enforce a substantive right existing under the laws of the United States as provided and guaranteed by Title 18, U.S.C.A. Section 241, and Title 29 U.S.C.A. Sections 151–166, as amended.

That on February 18, 1951, the LeFlore County Gas and Electric Company, a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business at Poteau in LeFlore County, Oklahoma, and which is engaged in business in interstate commerce or affecting interstate commerce, entered into a labor contract with Local Union No. 472 of the defendant United; that at the time the said labor contract was entered into the plaintiffs were employees of the LeFlore County Gas and Electric Company, employed as tool dressers on the said company's gas well drilling rigs; that on or about November 7, 1951, the said Local No. 472 and the defendant United, acting through its officers, agents and the defendant Sisco, declared, instituted and engaged in a labor dispute and strike against the said company; that while said labor dispute and strike was in progress the plaintiffs left the premises of their said employer and went to work as tool dressers for the Residue Company, a corporation organized and existing under the laws of the State of Arkansas with its principal place of business in the City of Fort Smith, Sebastian County, Arkansas; that the said Residue Company at said time was and is engaged in a business in interstate commerce or affecting interstate commerce and was drilling a gas well at a point approximately 11 miles north of Clarksville, Arkansas.

That the said LeFlore County Gas & Electric Company and the Residue Company are separate corporations but have a common president and common stockholders.

That the defendant United and its members, and Local No. 472 and its members, "acting through their officers and agents

conspired, contracted and agreed together and among themselves by concerted action with the intent to injure the plaintiffs, their persons and their property, and on or about the 1st day of December, 1951, at or about 4:30 p. m., United, acting through the defendant, Dave B. Sisco, as international representative, of United, and Local No. 472, acting through its President, Bill Russell; its Vice President, J. C. Hicks; its Armed Guard, Watt Hale; and, one of its members, Lester Taylor, acting in concert pursuant to said conspiracy, travelled to the location where plaintiffs were working and after having deliberated, premeditated and with malice, and with the intent to deprive these plaintiffs of rights guaranteed by the laws of the United States, did then and there deliberately, willfully, maliciously and violently assault, kick and beat and batter these plaintiffs, damaging them as hereinafter stated.

"That the acts and actions of the defendants, together with the acts and actions of the co-conspirators aforesaid, were calculated and did deprive these plaintiffs of their right to refrain from joining United and Local No. 472 thereof and to refrain from assisting the defendants and their co-conspirators in their labor dispute and strike with the LeFlore County Gas & Electric Company and/or the Residue Company; plaintiffs right to refrain from any and all other concerted activities for purposes of collective bargaining or other mutual aid or protection of said conspirators, all of same being rights guaranteed to these plaintiffs by the laws of the United States."

Then follow descriptive allegations of the injuries received by plaintiffs and the damages sustained.

Summons was issued on the complaint and was served by the United States Marshal for the Western District of Arkansas. The return of the Marshal on the summons was as follows:

"I hereby certify that on the 11th day of November, 1952, I served the within summons and complaint on Dave B. Sisco, as individual, and by serving him a copy of the summons and complaint as District Representative of

District 8 of the United Gas, Coke and Chemical Workers of America, CIO., in the U. S. Marshal's Office in the Federal Building, at Fort Smith, Arkansas."

On November 28, 1952, the defendants filed a motion to dismiss the complaint and to quash service of summons. In the motion the defendants stated that they were "appearing specially and not submitting themselves personally to the jurisdiction of the court." The allegations of the motion are as follows:

"I. To dismiss the action on the ground that the court lacks jurisdiction over the subject matter of this action:

"a. A federal district court does not have jurisdiction over a suit by individuals for damages, under Act of July 5, 1935, c. 372, 49 Stat. 449, U.S. Code, Title 29, Sec. 151–166, as amended [29 U.S.C.A. §§ 151–166].

"b. A federal district court does not have jurisdiction over a suit for damages for alleged conspiracy by private persons to deny plaintiffs right to refrain from joining a labor union, or to assist in a labor dispute, or to refrain from engaging in concerted activities for purposes of collective bargaining, Under 18 U.S.C., Sec. 241.

"II. To dismiss the action, or in lieu thereof to quash the return of service of summons on the ground that the defendant, United Gas, Coke and Chemical Workers of America—CIO has not been properly served with process, because the plaintiff purports to sue an unincorporated association in its society name by service of process on an alleged agent.

"III. To dismiss the action on the ground that it is in the wrong district because (a) the jurisdiction of this court is invoked solely on the ground that the action arises under the laws of the United States; and (b) the defendant United Gas, Coke and Chemical Workers of America—CIO has its main office, and resides in, the District of Columbia.

"IV. To dismiss, the action because the complaint fails to state a claim against defendants upon which relief can be granted."

Attached to the motion is an affidavit of Joe Joy, a Vice President of the defendant United, in which he states that said defendant is an unincorporated labor association whose members reside in and are citizens of many states of the United States and in various provinces of Canada. That the principal office and place of business of the said defendant United is at 805 G. Street N. W., Washington 1, D. C.

On December 15, 1952, plaintiffs submitted their "Authorities and Arguments in Opposition of Motion to Dismiss Complaint and to Quash Service of Summons," in which they make the following contentions:

(1) That this is a suit against the association in its common name.

(2) That Rule 17(b), Federal Rules of Civil Procedure, 28 U.S.C.A., permits an unincorporated association to be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the constitution or laws of the United States.

(3) That 29 U.S.C.A. § 157, provides such a substantive right, i. e., the right to refrain from activities relating to the organization and operation of labor organizations.

(4) That defendants violated this right and that under 8 U.S.C.A. § 47, plaintiffs have a cause of action therefor.

(5) That "It may be that it will be necessary for the plaintiffs to amend their complaint to make the suit a class suit under rule 23(a)."

(6) That regardless of the situation with respect to United, the Court has jurisdiction of the defendant Sisco.

In considering the defendants' motion to dismiss, the Court should accept the allegations in the complaint as true and view the case in the aspect most favorable to the plaintiffs. Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185.

Rule 17(b), under which plaintiffs seek to bring this action, provides, inter alia:

" * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, * * *."

Under the Rule, an unincorporated association may be sued in its common name only if (1) the law of the state in which the district court is held permits such a suit, or (2) the purpose of the suit is the enforcement of a substantive federal right.

■ An unincorporated association may not be sued in its common name in Arkansas. Baskins v. United Mine Workers, 150 Ark. 398, 234 S.W. 464; District No. 21, United Mine Workers of America v. Bourland, 169 Ark. 796, 277 S.W. 546. Such being the law of Arkansas, the instant suit is maintainable under Rule 17(b) only if a substantive federal right is involved.

■ It is here that the plaintiffs are confronted with a procedural dilemma. If no substantive federal right is involved, the action cannot be maintained against the association in its common or society name. If such a federal right is involved, plaintiffs have selected the wrong forum in which to bring their action. 28 U.S.C.A. § 1391(b) provides:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

According to the undisputed affidavit of Mr. Joe Joy, a Vice President of the defendant United, the principal place of business of United is in Washington D. C., and an unincorporated association is an "inhabitant," insofar as venue is concerned, of the district where its principal place of business is located. Brotherhood of Locomotive Firemen and Enginemen v. Graham, 84 U.S. App.D.C. 67, 175 F.2d 802, reversed on other grounds in Graham v. Brotherhood of Locomotive Firemen and Enginemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22; Salvant v. Louisville & N. R. Co., D.C.Ky., 83 F.Supp. 391; Griffin v. Illinois Cent. R. Co., D.C. N.D.Ill., 88 F.Supp. 552. It is true that the quoted section, 28 U.S.C.A. § 1391(b), supra, now has the word "reside" rather than the word "inhabitant," but the words are synonymous and the change was made merely for clarity. See Revisor's Note, 28 U.S.C.A. § 1391. Therefore, venue in this district would be proper only if it is "otherwise provided by law", and no such law establishing proper venue in this district has been brought to the attention of the Court.

A further problem as to venue is presented by 28 U.S.C.A. § 1406(a) which provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

Assuming the existence of a federal right, the Court, but for the fact that Sisco, a resident of Arkansas, is a party defendant, might transfer the case to the District of Columbia. However, since Sisco is a defendant and a resident of Arkansas, the District of Columbia is not a "district or division in which it [the suit] could have been brought" because said district is not one in which all the defendants reside.

Aside from the venue problems, plaintiffs are faced with other difficulties.

■■ 8 U.S.C.A. § 47, upon which plaintiffs state in their brief that they rely, does not create such a substantive federal right under the allegations of the complaint as to authorize the maintenance of the suit under Rule 17(b), supra. Plaintiffs attempt to come within Section 47, supra, by arguing that there was a conspiracy whereby they were "deprived of having and exercising any right or privilege of a citizen of the United States". The difficulty with this argument is that the United States Supreme

Court in Collins **v.** Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253, held that the section applies only to conspiracies for the purpose of depriving a person of the equal protection of the laws, or of equal privileges and immunities under the laws. The Court at page 661 of 341 U.S., at page 941 of 71 S.Ct. said:

> "* * * it is clear that this statute does not attempt to reach a conspiracy to deprive one of rights, unless it is a deprivation of equality, of 'equal protection of the law,' or of 'equal privileges and immunities under the law.'"

A study of the complaint discloses that plaintiffs are seeking to recover a judgment for damages for personal injuries sustained by them at the hands of the defendants. They are asking for no damages except for the personal injuries suffered. Such damages as they suffered, if any, were sustained because of the alleged unlawful assault and not because of their refraining from aiding the defendants in the labor dispute with the LeFlore County Gas and Electric Company. The mere fact that a conspiracy is alleged does not aid the plaintiffs because it is not a conspiracy that affects in any way plaintiffs' equality of protection by the law or their equality of privileges and immunities under the law. There is no allegation that the defendants were trying to influence the law and the only inequality that might be inferred from the allegations of the complaint is that the defendants wrongfully assaulted plaintiffs and did not wrongfully assault anyone else.

In other words, it was a private controversy and a personal assault was committed by the defendants. In Collins v. Hardyman, supra, at page 661 of 341 U.S., at page 942 of 71 S.Ct. the Court said:

> "Such private discrimination is not inequality before the law unless there is some manipulation of the law or its agencies to give sanction or sanctuary for doing so. Plaintiffs' rights were certainly invaded, disregarded and lawlessly violated, but neither their rights nor their equality of rights under the law have been, or were intended to be, denied or impaired. Their rights under the laws and to protection of the laws remain untouched and equal to the rights of every other Californian, and may be vindicated in the same way and with the same effect as those of any other citizen who suffers violence at the hands of a mob."

Since there is no question in the instant case of either equal protection of the laws, or of equal privileges and immunities under the laws, clearly 8 U.S.C.A. Section 47 has no application. (Even if the section applied, it makes no provision as to venue; therefore, 28 U.S.C.A. § 1391(b) would apply and venue would not be proper in this district.)

No substantive federal right of plaintiffs granted by 8 U.S.C.A. § 47 is alleged to have been violated. But plaintiffs contend that they have a substantive federal right under 29 U.S.C.A. § 157, which provides as follows:

> "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, *and shall also have the right to refrain from any or all of such activities* except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a) (3) of this title."

In other words, the effect of plaintiffs' argument is that Section 157, supra, confers upon this Court jurisdiction to entertain a suit by them against United for damages for personal injuries inflicted upon them by certain members of said Union.

■ A determination of the validity of plaintiffs' contentions requires an examination of Section 157 in context. The section is a part of the Labor Management Relations Act of 1947, more commonly known as the Taft-Hartley Act. Immediately following Section 157 is Section 158 which provides, inter alia:

> "* * * (b) It shall be an unfair labor practice for a labor organization

or its agents—(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title * * *."

A consideration of these two sections leads to the conclusion that a violation of the "right to refrain from any or all of such activities" was intended by the Act to be an unfair labor practice cognizable only by the National Labor Relations Board and was in nowise intended to confer jurisdiction upon United States District Courts to entertain actions predicated upon Section 157. In Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 167 F.2d 183, at page 186, the Court said:

"It is perfectly clear, both from the history of the National Labor Relations Act and from the decisions rendered thereunder, that the purpose of that act was 'to establish a single paramount administrative or quasi-judicial authority in connection with the development of federal American law regarding collective bargaining'; that the only rights made enforceable by the act were those determined by the National Labor Relations Board to exist under the facts of each case; and that the federal trial courts were without jurisdiction to redress by injunction or otherwise the unfair labor practices which it defined. * * *

"There is nothing in either the text or the history of the Labor Management Relations Act to indicate any departure from this salutary approach to the matter of conferring jurisdiction on the courts in labor controversies. * * *

"Contention is made that jurisdiction is vested in the District Court by section 301(b) of the act, 29 U.S.C.A. § 185(b), providing that a labor organization may sue or be sued in the courts of the United States 'as an entity and in behalf of the employees whom it represents'; but the purpose and effect of this provision was manifestly to make clear the capacity of labor organizations to come or be brought into court as parties (Cf. Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 148 F.2d 403), not to enlarge the class of cases of which the District Courts were given jurisdiction. The difference between such a provision and one conferring jurisdiction is well illustrated by comparison of 301(b) of the act with 301(a), the latter of which confers on the District Courts jurisdiction of suits between employers and labor organizations for violation of contracts. Another provision conferring jurisdiction on the District Courts is section 303(b) of the act, which authorizes them to entertain suits for damages on account of the strikes and boycotts made unlawful by section 303(a). There would, of course, have been no reason for the enactment of either section 301(a) or section 303(b), if the effect of section 301(b) was to vest in the federal courts general jurisdiction of suits by or against labor unions."

See also, Murphy v. Hotel & Restaurant Employees & Bartenders International Union, D.C.E.D.Mich., 102 F.Supp. 488; Rock Drilling, etc., v. Mason & Hangar Co., D.C.S.C.N.Y., 90 F.Supp. 539.

Stated differently, if Congress, in enacting the Labor Management Relations Act, had intended to confer upon this Court jurisdiction of a case wherein a person's "right to refrain from any or all of such activities" has been infringed, it would have expressly so stated in the Act as it did in Sections 301(a) and 303(b). The absence of such an express statement leads the Court to believe and to hold that 29 U.S.C.A. § 157 does not provide such a substantive federal right as contemplated by rule 17(b), Federal Rules of Civil Procedure, and does not give plaintiffs the right to sue the defendant United in its common name. (Even if Section 157 did provide a substantive federal right, the section makes no provision as to venue and 28 U.S.C.A. § 1391(b) would apply; thus venue would not be proper in this district.)

In their brief plaintiffs state:

"The return of summons in this case says that Dave B. Sisco was served as District Representative of District Eight of United. We intend to ask, at

the proper time, that this return be amended to show service upon Dave B. Sisco as International Representative of United and of course we anticipate no difficulty in proving that Dave B. Sisco is International Representative and has signed various and sundry labor contracts as 'International Representative of United Gas, Coke and Chemical Workers of America, C.I.O.' "

Such an amendment to the Marshal's return on the summons could not give the plaintiffs the right to sue the defendant United in its common name for the reasons hereinbefore discussed. Therefore, the Court does not have jurisdiction of the defendant, United Gas, Coke and Chemical Workers of America, C.I.O.

The Court does have jurisdiction of the subject matter of the cause of action between plaintiffs and the defendant, Sisco, since there is complete diversity of citizenship between both plaintiffs and said defendant and there is involved herein an amount in excess of $3,000, exclusive of interest and costs.

The plaintiffs state in their brief:

"It may be that it will be necessary for the plaintiffs to amend their complaint to make the suit a class suit under Rule 23(a), Federal Rules of Civil Procedure, and it has been held that a complaint brought in an individual capacity may be so amended as to become a class suit."

The plaintiffs thus recognize that the suit in its present posture is not a class suit under Rule 23(a). However they may be able to amend their complaint and bring their suit under Rule 23(a) as a class suit, and they should be given an opportunity to do so within 30 days from the date of entry of the order herein.

The motion of the defendant, Dave B. Sisco, should be overruled, but the motion as to United Gas, Coke and Chemical Workers of America, C.I.O., should be sustained and the complaint against it in its common name dismissed.

An order in accordance herewith is being entered today.