**PORTSMOUTH BASEBALL CORPORATION, Plaintiff,**

v.

**Ford C. FRICK, Commissioner of Baseball, et al., Defendants.**

United States District Court
S. D. New York.
June 22, 1955.

Weisman, Allan, Spett & Sheinberg, New York City, Garey & Garey, New York City, James P. McGranery, Philadelphia, Pa., Leonard J. Emmerglick, Washington, D. C., of counsel, for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, New York City, for defendants.

Baker, Hostetler & Patterson, Cleveland, Ohio, for defendants Baltimore Baseball Club, Inc., Boston American League Base Ball Company, American League Base Ball Club of Chicago, The Cleveland Baseball Company, Detroit Baseball Company, New York Yankees, American Base Ball Club of Philadelphia, Washington American League Base Ball Club and The American League of Professional Baseball Clubs.

John T. Hayes, Boston, Mass., for defendant Boston American League Base Ball Co.

Henry J. Walsh, Brooklyn, N. Y., for defendant Brooklyn National League Baseball Club, Inc.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendant Chicago National League Ball Club.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, Ohio, for defendant Cincinnati Baseball Club Co.

Edgar P. Feeley, New York City, for defendant National Exhibition Co.

R. Sturgis Ingersoll, Philadelphia, Pa., of counsel, for defendant Philadelphia National League Club.

DIMOCK, District Judge.

This is an action for damages alleged to have been sustained as a result of defendants' breach of contract. Defendants are Ford C. Frick, as Commissioner of Baseball, The National League of Professional Baseball Clubs, The American League of Professional Baseball Clubs, both unincorporated associations, and the fifteen corporations and one partnership which are the member baseball clubs of the two Leagues. Plaintiff, Portsmouth Baseball Corporation, is alleged to be a corporation organized under the laws of Virginia and doing business in that state. It is a minor league baseball club. The complaint alleges that all of the corporate major league baseball clubs are incorporated under the laws of states other than Virginia, that the partners of the remaining major league baseball club are citizens of a state other than Virginia, that Ford C. Frick is a citizen of a state other than Virginia and that each of the Major Leagues has its principal office in a state other than Virginia. It is further alleged that all of defendant corporations do business in the State of New York, that all of the members of the partnership reside in New York and that the major leagues have been and are doing business in New York. Jurisdiction is based solely upon diversity of citizenship.

Defendants move pursuant to rule 12 (b), F.R.C.P., (a) for an order dismissing the complaint upon the ground that venue was improperly laid in this district and cannot properly be laid in any other district and (b) for an order dismissing the complaint as to defendant Frick for failure to state a claim upon which relief can be granted. These motions, while brought on by a single notice of motion, are unrelated and I shall consider them separately.

### The Motion Based Upon Improper Venue

Since federal jurisdiction in this case is based upon diversity of citizenship the action may be brought "only in the judicial district where all plaintiffs or all defendants reside." 28 U.S.C. § 1391(a). Defendants contend that since plaintiff is not a resident of this district and since the two defendant Leagues are not residents of this district the complaint must be dismissed as to all defendants. Their contention that the Leagues are not residents is based on the claim that an unincorporated association can reside only where it has its principal place of business. It will not be necessary for me to decide whether the defendant Leagues have their principal places of business within this district because, as will hereinafter appear, I find (a) that venue can be laid here if they are doing business here and (b) that they are doing business here.

The language of the statute concerned, 28 U.S.C. § 1391(a), is:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may * * * be brought only in the judicial district where all plaintiffs or all defendants reside."

The question is what is meant by the word "reside". Must the Leagues have their principal places of business here or will it be enough if they merely do business here? Subdivision (c) of the same section 1391 says:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Sperry Products v. Association of American R. R., 2 Cir., 132 F.2d 408, 145 A.L.R. 694, seems to me to hold that the rule for corporations holds for unincorporated associations. That case involved

a question of venue of suit against an unincorporated association. Judge Learned Hand, for the court, 132 F.2d at page 411, came to the conclusion that, for venue purposes, those associations should be considered as jural entities, that the test for their location "must always be what it is for a corporation outside the state of its incorporation" and that such an association is "present" wherever any substantial part of its activities are carried on.

The question of venue presented by that case arose under section 48 of the old Judicial Code, 28 U.S.C., 1946 Ed. § 109. That section read:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business."

At that time the venue of an ordinary case could be laid only where the defendant was an "inhabitant" of the district. Judicial Code § 51, 28 U.S.C. 1946 Ed. § 112(a); Shaw v. Quincy Mining Company, 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768. In the case of patent infringement suits, however, the rule was more liberal. Section 48, above quoted, permitted them to be brought not only where the defendant was an "inhabitant" but also where he had "a regular and established place of business" provided that acts of infringement had been committed there. The question in the Sperry Products case was how far that liberal provision applied to an unincorporated association. The Court assimilated the position of the unincorporated association to that of the corporation. It said, 132 F.2d at page 411, that by "inhabitancy" the section demanded something more of a corporation than mere doing of busi-

ness within the district because it contrasted it as an "inhabitant" with having "a regular and established place of business". The Court thus held that a corporation was an "inhabitant", within the meaning of the provision, only at the place where it had its principal place of business within its state of incorporation. Hence it held that an unincorporated association was an "inhabitant" only at the place where it had its principal place of business. It therefore concluded, 132 F.2d at pages 411–412, that "if a patentee chooses to sue an unincorporated association * * * he must do so either at its principal place of business, or at any of the regular and established places of its business where it may have infringed."

A few years later there came before the District of Columbia Court of Appeals the question of the treatment of an unincorporated association under the later superseded form of the more restricted general venue provision. In that case, Brotherhood of Locomotive Firemen and Enginemen v. Graham, 84 U.S.App.D.C. 67, 175 F.2d 802, Graham had sued the Brotherhood, an unincorporated association, in the District of Columbia district, on a civil rights claim under the constitution. The general venue provision considered was section 51 of the Judicial Code, 28 U.S.C. 1946 Ed. § 112(a), above referred to, which provided: "no civil suit shall be brought in any district court against any person * * * in any other district than that whereof he is an inhabitant". The District of Columbia Court of Appeals quoted Judge Learned Hand's opinion in the Sperry Products case, followed him in assimilating the position of the unincorporated association to that of the corporation and said that, under section 51 just as under section 48, an unincorporated association could be an "inhabitant" only where it had its principal place of business. If one were to stop there, it would seem clear that the Graham case had no bearing on the application to unincorporated associations of the statute

involved in the instant case, 28 U.S.C. § 1391, which permits a suit to be brought where the defendant resides and says that any judicial district in which a corporation is incorporated "or is doing business" shall be regarded as its residence. Nevertheless the defendant Leagues cite the case for the proposition that, except in special cases like that of patent infringement under old section 48, an unincorporated association can be sued only in the judicial district where its principal place of business is located. It is of course true that that was the effect of the case as long as section 51 continued to say that no suit should be brought against a defendant "in any other district than that whereof he is an inhabitant", but that provision is gone and section 1391 of tit. 28 U.S.C. has taken its place. Some foundation is given, however, for the Leagues' argument by a footnote in the Graham case. That case was argued in the Court of Appeals on April 13, 1948. On September 1, 1948, the repeal of section 51 of the Judicial Code and the enactment of section 1391 went into effect. The Court of Appeals referred to this in a footnote to their opinion handed down October 26, 1948, and there, 175 F.2d at page 804, said, inter alia, "[w]e think that the rephrasing in 28 U.S.C. § 1391(b) (1948) of 28 U.S.C. § 112 (1946) makes no substantive change in respect of venue of the United States courts generally".

That statement could mean nothing more or less than that the rephrasing left standing the limitation of venue over corporate defendants to cases where the corporation was an "inhabitant" of the district. The Court of Appeals simply shut its eyes to subdivision (c) of section 1391 which gives express permission for suit against a corporation in any judicial district where it is doing business and declares that that judicial district shall be regarded as its residence for venue purposes.

■ I cannot believe that that statement represents the Court's mature and considered appraisal of the new legislation. It must have been the result of inadvertence. The purpose and effect of the new legislation was to remove the existing limitation, that confined permissible suits against corporations to those where the corporation was an inhabitant of the district,[1] and to confer authority for such suits where the corporation was doing business within the district. Freiday v. Cowdin, D.C.S.D. N.Y., 83 F.Supp. 516, 3 Moore's Federal Practice (2d ed.) § 19.04, pp. 2142–2143.

In this district the permission for suit against a corporation where doing business has been accepted at its face value, Ronson Art Metal Works v. Brown & Bigelow, Inc., D.C., 104 F. Supp. 716. Indeed, in spite of the footnote by the District of Columbia Court of Appeals in the Graham case, the District Court for the District of Columbia, in Landell v. Northern Pac. Ry. Co., D.C., 98 F.Supp. 479, seems to have permitted suit against a foreign corporation on the sole ground that it was doing business within the District.

There are, however, three cases[2] which have followed the Graham case footnote and held that venue of a case where an unincorporated association is a defendant can be laid only where it is an inhabitant. These I regard as wrongly decided.[3]

1. Except in the cases of corporations which had consented to suit as a condition to leave to do business within the state, Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.

2. McNutt v. United Gas Coke & Chemical Workers, D.C.W.D.Ark., Fort Smith Div., 108 F.Supp. 871, 875; Griffin v. Illinois Cent. R. Co., D.C.N.D.Ill.E.D., 88 F.Supp. 552, 555; Salvant v. Louisville & N. R. Co., D.C.W.D.Ky.L.D., 83 F.Supp. 391, 396.

3. The Graham case was reversed in the Supreme Court sub. nom. Graham v. Brotherhood of Firemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22. The Court of Appeals had held not only that the federal venue statute did not permit suit

My own conclusion is thus that, just as corporations may now be sued and are resident in a district if they are doing business there, so this unincorporated association may be sued and is resident in this district if it is doing business here. I now pass to that question.

■ From the evidence adduced by plaintiff in the form of depositions of the Commissioner of Baseball, an official created by the Leagues, and his secretary, and in the form of answers by the president of each of the Leagues to interrogatories, it is clear that a substantial part of the Leagues' activities are continuously carried on in this district. All of the members of each League regularly perform for profit in this district. One member of each League has its permanent home here. The Leagues' Commissioner has offices and performs his work here. His work includes participation in rule making for the Leagues and planning, supervising, and accounting for the proceeds of, the World Series matches. Meetings of the executive council of the Leagues are often held here and, as a result, the president of each League has come here on League business seventeen times in 1953 and seventeen times in 1954.

Since I find that the action, as against defendants American League and National League, is properly laid in this district because the Leagues are "doing business" here I need not decide whether their principal place of business is here or whether they are indispensable parties to this action and the motion based upon improper venue is denied.

### The Motion for Dismissal of the Complaint as to Defendant Frick

■ This motion is addressed to the face of the complaint. The motion cannot be sustained unless I am satisfied that the complaint fails to state a claim upon which relief can be granted. Rule 12(b), F.R.C.P.

Defendant Frick bottoms his motion upon the following contentions: (a) he is not a party to the contract alleged to have been broken by defendants, (b) the complaint does not allege that any conduct by him was in breach of the contract and (c) he, as Commissioner of Baseball, has a judicial or quasi-judicial function and so is immune from liability for the manner in which he performs his office.

The complaint alleges that plaintiff is a Minor League baseball club and a member of one of the Minor Leagues; that the office of Commissioner of Baseball was created pursuant to an agree-

against the Brotherhood in the District of Columbia, but also that the District Court had been wrong in treating a District of Columbia venue statute as applicable. The Supreme Court held that the District of Columbia statute was applicable and that the District Court had properly held that the Brotherhood, which had a legislative representative in Washington, was "found" in the District within the meaning of that statute. The Supreme Court explained the decision of the Court of Appeals on the question of the federal venue statute by saying that the Court of Appeals found as a matter of fact that the Brotherhood was neither an "inhabitant" within the old statute nor a "resident" within the new one. Justice Jackson's words 338 U.S. at pages 235–236, 70 S.Ct. at page 16 are as follows:

"This cause of action is founded on federal law, and the venue provisions generally applicable to federal courts at the time this action was commenced required such actions to be brought in the district whereof defendant 'is an inhabitant.' 28 U.S.C.A. § 112. Effective September 1, 1948, this provision was modified to require that such actions be brought 'only in the judicial district where all defendants reside, except as otherwise provided by law.' 28 U.S.C. (Supp. II), § 1391b, 28 U.S.C.A. § 1391 (b). It was assumed in the courts below, and since it involves a question of fact we do not stop to inquire as to whether they were correct in so doing, that if this general federal venue statute is the sole authority for bringing this case in the District of Columbia, the venue could not be supported, as this defendant claims neither to reside in nor inhabit the District."

ment between the defendant Major Leagues; that there is in force an agreement between the defendant Major Leagues on the one hand and, on the other hand, the National Association of Professional Baseball Clubs, an unincorporated association representing the Minor Leagues and their constituent members including plaintiff; that there is in force, pursuant to this agreement between the Major and Minor Leagues, a certain rule for the protection of Minor League territory; that commencing in the spring of 1949 and continuing thereafter through each baseball season up until the close of the baseball season of 1954 the defendant Major Leagues and their constituent members, all of whom are defendants here, have acted in violation of that rule "with the acquiescence, concurrence and agreement of the Commissioner" and that plaintiff's repeated requests of the Commissioner that "he act to fulfill his own responsibilities and secure the fulfillment of the responsibilities of both Major Leagues and their constituent members under" the rule have been refused.

I shall consider defendant Frick's last point first. It is that as Commissioner he cannot be liable for the manner in which he performs the judicial or quasi-judicial functions of that office. The office of Commissioner of Baseball is a creation of the agreement between the Major Leagues. The Minor Leagues, by their agreement with the Majors, recognize the office and submit to its jurisdiction to an extent provided in that agreement. I may assume, without deciding, that his duties, under the Major-Minor League Agreement were all of a judicial nature. The cases cited by defendant Frick all support the rule "that those acting in a quasi judicial capacity are not liable for errors of judgment in erroneous decisions in determinations affecting the personal or property rights of others in the absence of malice." Lurman v. Jarvie, 82 App.Div. 37, 44, 81 N.Y.S. 468, 473. I may even assume as, defendant Frick contends, that those acting in a quasi-judicial capacity may not

be held civilly liable for erroneous decisions resulting from malice. As plaintiff points out, the claim alleged in the complaint is not that the Commissioner arbitrated erroneously, but that pursuant to an agreement with the other defendants he failed to exercise his powers, to the detriment of plaintiff.

The complaint alleges in substance that plaintiff has demanded of defendant Frick that "he act to fulfill his responsibilities" and that he has refused. Most of the Commissioner's functions are described in the contracts in terms of jurisdiction. For example he has "jurisdiction" to "investigate" an act suspected "to be detrimental to the best interests of the national game of baseball". If a party to the contract should request such investigation in a specific case and the Commissioner should refuse that might be a reason for getting a new commissioner but it seems to me that his decision not to investigate would be a quasi-judicial act for which he could not be held liable. One of the things committed to him for determination is whether or not to proceed. The Commissioner has one duty under the Major-Minor League Agreement, however, that seems to me to be absolute and a breach of which might be proved under the complaint. Section 3 of Article II provides:

"In case of any dispute between the Major Leagues, or either of them, or any of their clubs, on the one hand, and the Minor Leagues, or any of them, or any of their clubs on the other, either disputant may certify the dispute to the Commissioner for decision, and his determination thereof shall be final."

That clause reads on the present situation. Under the general words of the complaint above quoted plaintiff would be free to prove a certification of the dispute to defendant Frick and a refusal by him to determine it. I can grant the motion only if the complaint is such that under it no claim upon which relief can be granted can possibly be proved. Dioguardi v. Durning, 2 Cir., 139 F.2d 774. A refusal of the Commissioner to enter-

tain a certification of such a dispute as this would constitute a breach of an essential element of the contract. Its obvious purpose is to place in the hands of one man power to make decisions in the baseball world more promptly than they can be reached outside of it, and in this one case the party certifying the dispute is given an absolute right to a decision. The Commissioner, by refusing to act in order to help the certifying party's opponent, might well be held to have so identified himself with the alleged breach of contract as to share liability for it.

Since a claim against defendant Frick might be proved under the complaint I must deny his motion for dismissal.