**John J. CHERICO, Plaintiff,**

v.

**BROTHERHOOD OF RAILROAD TRAINMEN and Lodge 1047, Brotherhood of Railroad Trainmen, Defendants.**

United States District Court
S. D. New York.
Sept. 10, 1958.

Delson, Levin & Gordon, New York City, for plaintiff.

Breed, Abbott & Morgan, New York City, for defendants.

CASHIN, District Judge.

This is a motion by defendants to dismiss the action because of lack of juris-

diction over the subject matter (Rule 12(b) (1), Federal Rules of Civil Procedure, 28 U.S.C.A.) or to dismiss the action because of improper venue (Rule 12(b) (3), Federal Rules of Civil Procedure).

Plaintiff was employed as a brakeman by the New York Central Railroad for several years preceding October 23, 1953. Defendant, Brotherhood of Railroad Trainmen (hereafter BRT), an unincorporated association, was at all relevant times the statutory bargaining agent of brakemen on the New York Central Railroad. Defendant, Lodge 1047, Brotherhood of Railroad Trainmen, is a "subordinate lodge" of the Grand Lodge of BRT with jurisdiction over the branches of the New York Central Railroad on which plaintiff was employed.

On June 7, 1951, defendant BRT entered into a union shop agreement with the New York Central Railroad pursuant to the provisions of the Railway Labor Act, specifically 45 U.S.C.A. § 152 Eleventh. Plaintiff was not a member of BRT on the effective date of the union shop agreement, June 15, 1951, but was a member of the Order of Railway Conductors, which membership presumably qualified him to be retained in employment because of the character of the Order of Railway Conductors as a "labor organization, national in scope, organized in accordance with [the Railway Labor Act] and admitting to membership employees of a craft or class * * *" (45 U.S.C.A. § 152 Eleventh (c)). Subsequently, however, plaintiff terminated his membership in the Order of Railway Conductors and joined the United Railroad Operating Crafts. BRT did not accept membership in United Railroad Operating Crafts as qualifying plaintiff to be retained in employment (BRT's position was subsequently upheld by the Supreme Court. Pennsylvania Railroad Co. v. Rychlik, 1957, 352 U.S. 480, 77 S. Ct. 421, 1 L.Ed.2d 480.)

On September 23, 1953 while still employed by the railroad, plaintiff submitted a membership application to defendant Lodge 1047 for membership in defendant BRT, together with the required amount covering initiation fees, dues and assessments. On October 22, 1953 plaintiff tendered his regular monthly dues. However, the membership application was not accepted. Rather, on October 23, 1953, the Railroad, acting at the behest of defendants, discharged plaintiff.

Concededly, diversity of citizenship does not give to the Court jurisdiction of the subject matter of the suit. Rather, plaintiff relies upon the provisions of 28 U.S.C.A. § 1331 (Federal Question) and 28 U.S.C.A. § 1337 (laws regulating commerce) to support federal jurisdiction. The first "count" alleges plaintiff's application for membership in BRT and the tender of the initiation fees, dues and assessments, their acceptance and a waiver by defendants of any delinquencies. The second "count" alleges a "policy, practice, procedure and/or custom" of BRT not to cause the discharge of employees who did not comply with the union shop agreement if, prior to actual discharge, proper application for membership was made. The third "count" alleges a breach by defendants of a fiduciary duty to represent plaintiff "legally, fairly, equally and without discrimination * * *." (The fourth and fifth "counts" concededly, if standing alone, would be solely within the jurisdiction of the state courts).

Were this action a suit against the employer railroad for wrongful discharge, it would be clear that the District Court would have no jurisdiction over the subject matter. This result would follow since there is no explicit provision in the Railway Labor Act for a suit for wrongful discharge and provision is made for an administrative remedy on behalf of an employee or a group of employees vis-a-vis a carrier or carriers (45 U.S. C.A. § 153 First (i)). Stack v. New York Central Railroad Company, 2 Cir., 258 F.2d 739. However, as is noted in the Stack case, the Supreme Court has implied a federal right on the part of an aggrieved employee to sue for damages and injunctive relief a union which fails to represent its members without dis-

crimination. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Brotherhood of Railroad Trainmen v. Howard, 1952, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Graham v. Brotherhood of Locomotive Firemen & Enginemen, 1949, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22; Steele v. Louisville & Nashville Railroad Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187. It is true that in each of these cases the invidious discrimination which the Supreme Court held violative of the provisions of the Railway Labor Act was directed against a class of employees because of their race. However, the language of the opinions does not in any way lead to the conclusion that only racial discrimination can be invidious. Indeed, discrimination, wholly apart from race, has been held to give rise to a federal cause of action. Mount v. Grand International Brotherhood of Locomotive Engineers, 6 Cir., 1955, 226 F.2d 604; Choate v. Grand International Brotherhood of Locomotive Engineers, Tex.1958, 314 S.W.2d 795. There also seems no validity to the argument that the discrimination charged must have been against a class. If the unions are to represent all of its members equitably, it breaches its duty if it discriminates against an individual as well as against a class or a recognized minority group.

The case of Brock v. Brotherhood of Sleeping Car Porters, Train, Chair Car, Coach Porters and Attendants, D.C.W.D. La.1955, 129 F.Supp. 849, since it is, essentially, on all fours with the instant case and reaches a different conclusion, is perhaps worthy of mention. In the Brock case, the Court rejected the authority of the Steele, Tunstall and Graham cases, supra, on the ground that the discrimination was based not upon a collective bargaining agreement discriminatory as to race, but rather on the breach of a local practice to accept late tender of dues. As shown above, the duty of a collective bargaining agent not to dis-criminate is not restricted to refraining from discrimination because of race. If the discrimination consists of refusing membership to an employee when such membership was "available upon the same terms and conditions * * * to * * * other member(s)", it is still within the stricture of the Supreme Court cases. Clearly, the interpretation of a federal statute is squarely raised by the pleadings and thus the action is properly before the Court. Gully v. First National Bank in Meridian, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Shulthis v. McDougal, 1912, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205. To the extent that the Brock case is inconsistent with this holding, it must be rejected.

Since it is conceded that the principal place of business of defendant BRT is Cleveland, Ohio, and the principal place of business of Local 1047 is White Plains, New York, the motion to dismiss, based upon venue, turns upon the interpretation of 28 U.S.C.A. § 1391. The relevant portions of the Statute are as follows:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Under the clear words of the Statute, the venue as to BRT is improper if its "residence" is at its principal place of business unless 28 U.S.C.A. § 1391(c), by its terms confined to corporations, is extended to unincorporated associations. In Sperry Products, Inc. v. Association of American Railroads, 2 Cir., 1942, 132 F.2d 408, 145 A.L.R. 694, it was held, under a special patent venue statute, that an unincorporated association was an

638

"inhabitant" of the district of its principal place of business and of no other regardless of whether the association was "present" in another district because of its activities therein. At the time of the Sperry decision the rule as to corporations was similar as that as to unincorporated associations except where the corporation had consented to suit as a condition to doing business within a state. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. Title 28 U.S.C.A. § 1391, passed in 1948, expressly provides that corporations, for venue purposes, shall be considered residents of any district in which they do business. ("Residents" under 28 U.S.C.A. § 1391 and "inhabitants" under old 28 U.S.C.A. § 112 are synonymous. See Reviser's Note to 28 U.S.C.A. § 1391). In order to apply the provisions of subdivision (c) to unincorporated associations, it would be necessary to say that the revisers were unaware of the difference between corporations and unincorporated associations. This conclusion must be rejected and such rejection is supported by the weight of authority (Brotherhood of Locomotive Firemen & Enginemen v. Graham, 1948, 84 U.S.App.D.C. 67, 175 F.2d 802, reversed on other grounds sub nom. Graham v. Brotherhood of Firemen & Enginemen, supra; McNutt v. United Gas, Coke & Chemical Workers of America, C. I. O., D.C.W.D.Ark.1952, 108 F.Supp. 871; Griffin v. Illinois Central Railroad Co., D.C.N.D.Ill.1949, 88 F.Supp. 552; Salvant v. Louisville & Nashville R. Co., D.C.N.D.Ky.1949, 83 F.Supp. 391; contra Portsmouth Baseball Corporation v. Frick, D.C.S.D.N.Y. 1955, 132 F.Supp. 922).

Accordingly, the venue is improper as to the BRT and the action must be dismissed as to them. Plaintiff requests leave to plead over asserting a class action so as to clear the defect in venue. Leave is granted to serve an amended complaint within 30 days of the entry of an order herein.

Settle order.