**Roy J. UNDERWOOD,**

v.

Joseph J. DELANEY and Hunter P. Wharton, individually and as representatives of the International Union of Operating Engineers.

Homer DAWSON, Colombo Acchione, Edmond Farmer, Nathan Unruh, Louis Lattanzio, Norman Gale, Howard Kaye, George E. Saltzman, Stanley Kosiorek, Michael Concordia and Robert Palmer Driscoll, in their own behalf and on behalf of all members of Local 542 and its branches 542A, 542B and 542C of the International Union of Operating Engineers,

v.

Joseph J. DELANEY and Hunter P. Wharton, individually and as representatives of the International Union of Operating Engineers.

Civ. A. Nos. 2052, 2053.

United States District Court
D. Delaware.
Nov. 28, 1958.

Abraham E. Freedman and Marvin I. Barish, of Freedman, Landy & Lorry, Philadelphia, Pa., and Harold Leshem, Wilmington, Del., for plaintiffs.

William S. Potter and James L. Latchum, of Berl, Potter & Anderson, Wilmington, Del., for defendants; Charles A. Wolfe, of Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., and J. Albert Woll, Washington, D. C., of counsel.

LAYTON, District Judge.

Although these motions present questions purely legal in nature, the factual background of the two actions involved is briefly sketched in order that a better understanding of the matter may be had.

The International Union of Operating Engineers (International) is a nation-wide union whose members operate all types of mechanical and hoisting equipment such as cranes, bulldozers and the like. Local 542 is a labor union affiliated with International whose territory, or jurisdiction, consists of the Eastern half of Pennsylvania and all of Delaware. In 1952, one Maloney was president of International and Underwood, plaintiff in Civil Action No. 2052, was president of Local 542. As of that time, the plaintiffs in these actions contend that Local 542 was maintaining a successful strike against certain employers who had refused to agree to a new labor contract. These employers, it is alleged, by devious means conspired with Maloney to end the strike. To this end, Maloney put improper pressure upon Local 542 and its officers to terminate the strike. When the Local refused, he allegedly preferred false charges against Underwood, president of the Local, and a hearing was held as the result of which all the Local officers were wrongfully suspended, Underwood suspended from the Union and fined $3,500, and a trusteeship imposed upon the Local which is still in effect.

In Civil Action No. 2052, (Underwood) the plaintiff seeks to be reinstated as president, the fine suspended, the trusteeship abolished and money damages assessed as the result of the alleged improper actions of Maloney and his successor, Delaney.

In Civil Action No. 2053, (Dawson) certain members of the Local for themselves and on behalf of the Local have filed suit against International seeking the same objects as sought in the Underwood suit and, in addition, an accounting of funds, the return of all books and papers, etc.

The defendants have filed motions in each action to dismiss for lack of venue, lack of service upon the defendants and for failure to allege the proper jurisdiction requirements as to amount.

### The Underwood Suit

This is a suit by Underwood against Delaney and Wharton as individuals and as representatives of International. Jurisdiction is based on diversity. Underwood is a resident of Pennsylvania, Delaney of New York and Wharton of Washington, D. C. While diversity of citizenship appears, yet for the purposes of venue such an action may only be brought in the district where all the plaintiffs or all the defendants reside. 28 U.S.C.A. § 1391.[1] Obviously, venue

---

1. "§ 1391. Venue generally.

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise pro-

vided by law, he brought only in the judicial district where all plaintiffs or all defendants reside."

has been improperly laid as to Delaney and Wharton in their individual capacities. The plaintiff concedes this. The motion to dismiss is granted as to them as individuals.

There remains, then, in Civil Action No. 2052, an action by Underwood of Pennsylvania against Delaney and Wharton as representatives of International, a class suit. If this were a suit based upon diversity against International, as an entity, it would fail since its membership is nationwide. Underwood v. Maloney, 3 Cir., 256 F.2d 334.[2] The plaintiffs, in order to avoid this pitfall, elected to sue in Delaware using the device of a class action. But, as the defendants argue, there still remains the question of venue, for neither all the plaintiffs nor all the defendants reside in the district of Delaware—in fact, none of them resides in this district.

In the face of this obstacle, the plaintiff points to Sperry Products, Inc., v. Association of American Railroads, 2 Cir., 1942, 132 F.2d 408, 411, 145 A.L.R. 694 as authority for his position. There, Judge Hand held that a diversity suit against an unincorporated association, as an entity, was properly laid as to venue if any substantial part of its activities were continuously carried on "in the district where suit was brought." He reasoned that since unincorporated associations are frequently regarded as jural entities for the purpose of suit, " * * * we can see no reason why that doctrine should not be applied consistently to other procedural incidents than service of process, and *venue is one of such incidents*." (My emphasis.) Therefore, Judge Hand held that for the purposes of venue an unincorporated association was a jural entity. And in deciding where its location was, he concluded that the test "must always be what it is for a corporation outside the state of its incorporation." In the end, he reasoned that a suit against an unincorporated association, diversity of citizenship being present, was properly brought in so far as concerned venue" * * * wherever any substantial part of its activities were continuously carried on * * *." But while the plaintiff maintains that International does business in this District, there is no claim that its principal activities take place in Delaware. He is thus forced to take the position that, since the Sperry decision, Section 1391 has been amended by adding sub-section (c) as follows:

> "(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or *is doing business*, and such judicial district shall be regarded as the residence of such corporation for venue purposes." (My emphasis.)

By analogy, then, with a corporation, he argues that an unincorporated association, for venue purposes, may now be sued wherever it "is doing business" and Portsmouth Baseball Corporation v. Frick, D.C.S.D.N.Y., 132 F.Supp. 922, 924, a well-reasoned opinion, does, in fact, so hold. To the same effect are the more recent decisions in this Circuit of Eastern Motor Express v. Espenshade, D. C.E.D.Pa., 138 F.Supp. 426 and Darby v. Philadelphia Transportation Co., D.C.E. D.Pa., 73 F.Supp. 522.[3]

But the plaintiff's argument overlooks the very important fact that both in Sperry and Portsmouth the unincorporated association brought suit or was sued, as an unincorporated association alone, while in the case before me, the unin-

---

2. Two suits substantially the same as these were brought in the District Court for the Eastern District of Pennsylvania. They were dismissed on jurisdictional grounds. In an effort to avoid these jurisdictional obstacles, the present actions were brought here.

3. This latter case is *not squarely in point* for, instead of an unincorporated associa-

tion, there was a partnership, but the analogy is strong. Contra are McNutt v. *United Gas, Coke & Chemical Workers*, D.C.W.D.Ark., 108 F.Supp. 871; Griffin v. Illinois Cent. R. Co., D.C.N.D.Ill., 88 F.Supp. 552; and Salvant v. Louisville & N. R. Co., D.C.W.D.Ky., 83 F.Supp. 391.

corporated association is sued in a class action.

■ In order to comply with the demands of diversity,[4] the plaintiff was forced to bring a class action against International but, faced with the threat of improper venue, he would now have this Court ignore the inconvenient fact that both Delaney and Wharton live outside Delaware and distort the Sperry decision into something which it plainly never decided. He cannot have his cake and eat it too. No decision has gone so far as to lay it down that where an unincorporated association is sued as a class, it may be regarded as a jural entity for the purposes of venue; and I decline so to hold.

The motion to dismiss is granted as to the Underwood case.

### The Dawson Suit

■ This brings us to the Dawson action. Here, residents of Delaware, Pennsylvania and New Jersey on behalf of themselves and Local 542 have sued Delaney and Wharton individually and as representatives of International. I have already concluded in Underwood that, as to Delaney and Wharton, venue was not properly laid. The same result is true here. The action is dismissed as to them in their individual capacities.

■ There remains a class action in behalf of Local 542 against International as a class. Here again, in order to comply with the requirements of diversity, the plaintiffs had to resort to the device of class actions. For the purposes of venue we have residents of Delaware, Pennsylvania and New Jersey suing residents of New York and the District of Columbia in the district of Delaware. This fails to meet the demands of subsection (a) of Section 1391 requiring that such a suit must be brought only in a federal district where *all* the plaintiffs reside or all the *defendants* reside. Nor, for the purposes of venue, may International be regarded as a jural entity

doing business here. The motion to dismiss as to Dawson must be granted also.

The plaintiff suggests that as to this latter action, venue will be properly laid by dropping all the individual plaintiffs except those resident of Delaware. No motion to this effect is before me. I will cross that bridge when I come to it.

An Order will be entered on notice in accordance herewith.

---

4. Underwood v. Maloney, supra.