**WESTINGHOUSE ELECTRIC CORPORATION v. UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA et al.**

Civ. A. No. 8850.

United States District Court
W. D. Pennsylvania.

Aug. 11, 1950.

John C. Bane, Jr., and Donald B. Heard (of Reed, Smith, Shaw & McClay), all of Pittsburgh, Pa., for plaintiff.

David Scribner and Arthur Kinoy, New York City, Maurice Louik, (of Harrison & Louik), Pittsburgh Pa., J. Alfred Wilner and Morris Zimmerman (of Wilner & Wilner), Pittsburgh, Pa., for defendants.

MARSH, District Judge.

Westinghouse Electric Corporation, a Pennsylvania corporation, filed a complaint in an action of interpleader against United Electrical Radio and Machine Workers of America, a voluntary association (hereinafter called the UE); twelve of the Local unions of the UE; the International Union of Electrical, Radio and Machine Workers (CIO), a voluntary association (hereinafter called the IUE-CIO; seventeen of the

Local IUE-CIO unions; and ten individuals (John Borgony, et al.) as representatives of a class of employees of the plaintiff company.

Plaintiff has paid $270,403.25 into the registry of this court and alleges that these funds were union dues which plaintiff, during five months from November, 1949, through March, 1950, has deducted from the wages of its employees at 17 of its plants pursuant to the provisions of a written agreement made between plaintiff and UE (then affiliated with the CIO) on April 1, 1947, as modified by "Supplement II" effective April 1, 1948.

About November 2, 1949, UE ceased to be affiliated with the CIO and, shortly thereafter, CIO recognized IUE as a member union.

Plaintiff alleges that the UE claims the entire fund, and that the other defendants each claim or may claim some part thereof. Five IUE-CIO Locals have already brought suit.

UE and its Locals, by counsel, consent to the entry of a judgment of interpleader.

H. Jay Collins, one of the individual defendants, filed an answer in his own behalf, objecting, inter alia, to the jurisdiction of this court.

■ The UE has its principal offices in New York, and is to be considered a resident of New York. Sperry Products, Inc., v. Association of American Railroads et al., 2 Cir., 1942, 132 F.2d 408, 411; 145 A. L.R. 694.

The defendant IUE-CIO has its principal offices in the District of Columbia. The IUE-CIO Locals and the UE Locals named in the complaint as defendants, are to be regarded as residents, respectively, of Massachusetts, New York, New Jersey, Pennsylvania, West Virginia, Ohio and Missouri. The individual defendants named are residents, respectively, of the Western District of Pennsylvania, New Jersey and Missouri.

IUE-CIO challenges the right of the plaintiff to the interpleader by a motion to dismiss. The Union contends that the sum paid into court is a mathematical total computed by the plaintiff by improperly blending seventeen separate and distinct funds, checked off at seventeen widely separated plants. It illustrates that there is no diversity of citizenship between the respective adverse claimants to each of the separate funds checked off at twelve of these plants. For example, at the plant in East Springfield, Massachusetts, the fund is claimed by IUE-CIO Local No. 202 and by UE Local No. 202, both to be regarded as residents of Massachusetts. Ordinarily, this objection would be valid because the Federal Interpleader Statute, 28 U.S.C.A. § 1335, requires the adverse claimants to the fund to be citizens of different states.

On the other hand, Westinghouse contends that the UE claims the entire fund, and points out that it was accummulated as a whole pursuant to the provisions of a single contract.

■ It appears to the court after argument that the UE *may* claim the entire fund if the interpleader is denied. Although IUE-CIO vigorously asserts that the claim of the UE would be without substance, we think plaintiff, under the Interpleader Act, is entitled to protection from any such claim that the UE may make to the entire fund, and since most of the other piecemeal claimants are residents of other states than New York, in our opinion, we can not say at this stage of the proceedings that the required diversity between adverse claimants to the fund involved is not present.[1]

Accordingly, we dismiss this objection to the jurisdiction without prejudice to the right on the part of any of the defendants to raise it again at the hearing on the interpleader.

IUE-CIO also asserts that the complaint should be dismissed because the total sum

1. Railway Express Company, Inc., v. Jones et al., 7 Cir., 1939, 106 F.2d 341; U. S. et al. v. Sentinel Fire Insurance Co. et al., 5 Cir., 1949, 178 F.2d 217; Cramer v. Phoenix Life Insurance Co. et al., 8 Cir., 1937, 91 F.2d 141; Dugas v. American Surety Co., 1937, 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720.

in dispute was not paid into court as required by the Interpleader Act.

The Union avers that $332,677.25 was the total sum checked off and should have been paid into court. The plaintiff admits to the amount, but claims that it was entitled to certain credits at each plant, totalling $62,274.00, which were deducted from checked off funds by virtue of "local supplements" authorized by the National Agreement, Section XV, and that the sum of $270,403.25 which it paid into court is the full amount in dispute.

As we understand it, IUE-CIO disputes the right of the plaintiff to take these credits and, citing Edner v. Massachusetts Mutual Life Ins. Co., 3 Cir., 1943, 138 F.2d 327, urges that its failure to pay into court the full amount in controversy leaves unsatisfied an indispensable jurisdictional requisite for statutory interpleader.

As the complaint now stands, it presents a case of strict statutory interpleader. If there is an actual bona fide dispute to an additional $62,274.00, the action will take on the aspect of a bill in the nature of interpleader *pro tanto*.

■ Whether or not there is a bona fide dispute over that amount will have to be determined at the hearing on the interpleader. If it then appears that there is a bona fide dispute, the action should be dismissed unless plaintiff is then able to amend and pay the additional amount into court or post a bond to secure same. We, therefore, dismiss this objection without prejudice to the right of any of the defendants to make it again at the hearing, if appropriate.

On the two points referred to above, the affidavits supporting and opposing the motion raise issues which we think require, inter alia, (1) that the UE, not in conjunction with its Locals, set forth its claim to the entire disputed fund, or any part thereof, if any it has; (2) that the IUE-CIO, the IUE-CIO Locals and the UE Locals set forth their respective claims to the parts of the $270,403.25 in dispute, and their respective claims to the parts of the additional $62,274.00, if any they have; (3) that testimony or depositions be taken at the hearing to the questions of fact arising out of these claims relative to the right of the plaintiff to an interpleader.

■ The objection that the court has no jurisdiction over the defendants who are nonresidents of Pennsylvania is without merit. 28 U.S.C.A. §§ 1397, 2361; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

■ The objection to the venue is also without merit since some of the claimants to parts of the fund reside in the Western District of Pennsylvania. 28 U.S.C.A. § 1397.

We think that the other propositions advanced by IUE-CIO are premature, viz., that this action should be stayed, pending decision in other proceedings, and severed and transferred to the districts where the plants of the plaintiff are located. After the hearing, if it should appear proper under the circumstances there developed, and if the court has the power to sever and transfer, or stay the action, we shall do so.