## DENVER & RIO GRANDE WESTERN RAILROAD CO. *v.* BROTHERHOOD OF RAILROAD TRAINMEN ET AL.

No. 794.   Argued April 19, 1967.—Decided June 5, 1967.

*Martin M. Lucente* argued the cause for petitioner. With him on the briefs were *Ernest Porter, Kenneth D. Barrows* and *George L. Saunders, Jr.*

*James L. Highsaw, Jr.,* argued the cause for respondents.   With him on the brief was *Edward J. Hickey, Jr.*

*Francis M. Shea, Richard T. Conway, Ralph J. Moore, Jr., James R. Wolfe* and *Charles I. Hopkins, Jr.,* filed a brief for the National Railway Labor Conference, as *amicus curiae,* urging reversal.

*Frederick Bernays Wiener* filed a brief for the Railway Labor Executives' Association, as *amicus curiae,* urging affirmance.

MR. JUSTICE WHITE delivered the opinion of the Court.

The question here concerns the proper venue for a suit against a labor union, an unincorporated association, under 28 U. S. C. § 1391 (b), which at the time this action was brought read as follows: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

In December 1959 and January 1960, the National Railroad Adjustment Board issued monetary awards in favor of certain members of respondent union on their claims for breach of collective bargaining contracts between the union and petitioner, the Denver & Rio Grande Western Railroad Company. The railroad refused to honor the awards, the union struck to enforce them and the strike was permanently enjoined by the District Court. 185 F. Supp. 369, aff'd, 290 F. 2d 266, cert. denied, 366 U. S. 966. The railroad then sued the union for damages in the United States District Court for the District of Colorado, also joining as defendants R. E. Carroll, chairman of the union's General Grievance Committee on the property of petitioner, and the chairmen of various local lodges of the union. The complaint alleged that the defendants had breached their duties under the Railway Labor Act, 44 Stat. 577, as amended, 45 U. S. C. § 151 *et seq.* The District Court overruled

the union's motion to dismiss for improper venue, held the strike illegal because the union had failed to exhaust its statutory remedies to enforce the Adjustment Board awards, and awarded damages based on the railroad's loss of traffic caused by the illegal strike. The judgment ran against both the union and Carroll, the case against the other defendants being dismissed for failure of proof. The Court of Appeals reversed, holding that the union could be sued under § 1391 (b) only in the district of its residence and that its residence was not in Colorado.[1] Because of the seeming conflict with *Rutland R. Co.* v. *Brotherhood of Locomotive Eng'rs*, 307 F. 2d 21, we granted certiorari. 385 U. S. 1000. We reverse.

Section 1391 (b) is the general venue statute governing transitory causes of action in the federal courts where jurisdiction does not depend wholly on diversity of citizenship. Following its amendment in 1966, 80 Stat. 1111, the section permits suit either in the district where all of the defendants reside or in the district where the claim arose. At the time this suit was brought, however, venue lay only at the defendant's residence, as had been the case since 1887. 24 Stat. 552, as corrected by 25 Stat. 433 (1888). Thus for almost 80 years proper venue in federal-question cases was limited to the district of the defendant's residence, whether the defendant was an individual, a corporation, or an unincorporated association such as this respondent. During all of this time, down to and including the 1966 amendment, Congress has not expressly defined the residence of an unincorporated association for purposes of the general venue statute. The same was true with respect to corporations until 1948

---

[1] The Court of Appeals also reversed the damage award against respondent Carroll, concluding that Carroll was not responsible for the strike in question. We do not disturb this factual determination of the Court of Appeals. Carroll's residence is admittedly within the District of Colorado.

when Congress directed that a corporation could be sued in the judicial district "in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U. S. C. § 1391 (c). Congress has maintained its silence, however, with respect to the residence of the unincorporated association. The resolution of that issue, as was true for the corporation prior to 1948, has been left to the courts. The issue is now here for the first time.

Of course, venue for a suit against an unincorporated association becomes important only if the association is itself suable. At common law, such an association could be sued only in the names of its members and liability had to be enforced against each member. This principle was rejected in *United Mine Workers* v. *Coronado Co.,* 259 U. S. 344, where this Court, recognizing the growth and pervasive influence of labor organizations and noting that the suability of trade unions "is of primary importance in the working out of justice and in protecting individuals and society . . . ," 259 U. S., at 390, held that such organizations were suable in the federal courts and that funds accumulated by them were subject to execution in suits for torts committed during strikes. The *Coronado* holding is now reflected in Fed. Rule Civ. Proc. 17 (b).

The *Coronado* case dealt with capacity to be sued, not with venue, but it did legitimate suing the unincorporated association as an entity. Although that entity has no citizenship independent of its members for purposes of diversity jurisdiction, *Steelworkers* v. *Bouligny, Inc.,* 382 U. S. 145, a case relied upon by the Court of Appeals here, we think that the question of the proper venue for such a defendant, like the question of capacity, should be determined by looking to the residence of the association itself rather than that of its individual mem-

bers. Otherwise, § 1391 (b) would seem to require either holding the association not suable at all where its members are residents of different States, or holding that the association "resides" in any State in which any of its members resides. The first alternative seems wholly at odds with *Coronado* and in addition removes federal-question litigation from the federal courts unnecessarily; the second is patently unfair to the association when it is remembered that venue is primarily a matter of convenience of litigants and witnesses. H. R. Rep. No. 1893, 89th Cong., 2d Sess., p. 2. Of course, having concluded that the unincorporated association should be viewed as an entity for purposes of residence under § 1391 (b), that residence must still be ascertained, an inquiry requiring examination of congressional intent and the interests reflected in *Coronado* and in principles underlying venue limitations.

In *Sperry Prods., Inc.* v. *Association of American Railroads,* 132 F. 2d 408, the Court of Appeals for the Second Circuit dealt with the issue of what district an unincorporated association may be said to inhabit under the special venue statute governing patent suits, then 28 U. S. C. § 109 (1940 ed.), now 28 U. S. C. § 1400. That court thought the association should be treated like a corporation. Under the decisions of this Court, corporations had a single residence for venue purposes, the State of their incorporation. Likewise, the *Sperry* court thought the unincorporated association should be considered as having a single residence, in its case its principal place of business. *Neirbo Co.* v. *Bethlehem Corp.,* 308 U. S. 165, had already determined, however, that corporations, while having only one residence, nevertheless consented to be sued in federal diversity suits where they were licensed to do business. And *Neirbo* had much to do with producing the 1948 congressional definition of corporate residence as including not only the State of in-

corporation but wherever the corporation is licensed to do business or is doing business.

It can be argued, as respondent does, that had the 1948 Congress intended the expanded definition of corporate residence to apply to labor unions and other unincorporated associations, it would have said so. But even accepting this, the question of what the association's residence is for venue purposes remains unanswered. Saying that Congress did not intend to "change" the venue law with respect to unincorporated associations assumes a settled meaning to the prior law. This was not the case. There was no settled construction of the law in the courts in 1948, and there is none yet. Nor was there anything to indicate that Congress had considered a labor union's residence to be in only one place or had ever intended a limited view of residence with respect to unincorporated associations. Rather than accepting respondent's position, we view the action of Congress in 1948 as simply correcting an unacceptably narrow definition of corporate residence which had been adopted by the courts, while maintaining its silence with respect to the unincorporated association. And if it is assumed that Congress was aware of *Sperry* at all, it is surely reasonable to think that Congress anticipated that the approach of that case, analogizing incorporated and unincorporated entities, would continue to be followed by the courts so that if corporate residence were broadly defined by the Congress, the courts would similarly construe the concept of residence of the unincorporated association. This was the approach of the Court of Appeals for the Second Circuit in *Rutland R. Co.* v. *Brotherhood of Locomotive Eng'rs, supra.*[2]

---

[2] Other lower court cases are divided on the question whether an unincorporated association can be sued at a place other than its principal place of business. Cases restricting venue to the association's principal place of business include *Brotherhood of Locomotive*

We think it most nearly approximates the intent of Congress to recognize the reality of the multi-state, unincorporated association such as a labor union and to permit suit against that entity, like the analogous corporate entity, wherever it is "doing business." Congress has itself recognized as much in a special venue statute, § 301 (c) of the Labor Management Relations Act, 1947, 61 Stat. 157, 29 U. S. C. § 185 (c), which provides that actions against labor unions governed by the Labor Management Relations Act may be brought in any district where the union maintains its principal office or in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members. That statute was enacted but a year before the 1948 revision of the Judicial Code, and while it does not mention residence, it is a considerable indication that Congress had no desire, then or at any previous time, to construe "residence" as used in the general venue provision so as to confine suits against a labor union to the district where its principal office is located. Moreover, from the standpoint of convenience to parties and witnesses, there would be little merit in holding that suits against unions covered by the National Labor Relations Act may be brought

---

*Firemen* v. *Graham,* 84 U. S. App. D. C. 67, 69, n. 2, 175 F. 2d 802, 804, n. 2, rev'd on other grounds, 338 U. S. 232; *McNutt* v. *United Gas, Coke & Chem. Workers,* 108 F. Supp. 871, 875; *Salvant* v. *Louisville & N. R. Co.,* 83 F. Supp. 391, 396; *Westinghouse Elec. Corp.* v. *United Elec. Radio & Mach. Workers,* 92 F. Supp. 841, aff'd without discussion, 194 F. 2d 770; *Cherico* v. *Brotherhood of R. R. Trainmen,* 167 F. Supp. 635, 637–638; cf. *Hadden* v. *Small,* 145 F. Supp. 387 (partnership). Cases holding that unincorporated associations may be sued where they do business: *Portsmouth Baseball Corp.* v. *Frick,* 132 F. Supp. 922; *Eastern Motor Express* v. *Espenshade,* 138 F. Supp. 426, 432; *American Airlines, Inc.* v. *Air Line Pilots Assn.,* 169 F. Supp. 777, 781–783; *R & E Dental Supply Co.* v. *Ritter Co.,* 185 F. Supp. 812; cf. *Joscar Co.* v. *Consolidated Sun Ray, Inc.,* 212 F. Supp. 634.

anywhere the responsible representatives of the union take concrete action and yet hold that suits for similar conduct against unions subject to a parallel federal labor statute, the Railway Labor Act, may be brought only where the union's principal office is located. Nor need we here be concerned, as in *Bouligny,* with possible effects on the scope of the jurisdiction of the federal courts. Under these circumstances, for this Court to create such a distinction without some positive lead from Congress and in the face of sound policy considerations to the contrary would be unjustified.

We therefore conclude that the Court of Appeals improperly applied § 1391 (b) as it read when this suit was brought. But even if we instead agreed with the Court of Appeals on this question, the case must be considered in light of the present form of that section, that is, as amended by the Act of November 2, 1966, which provides for venue not only at the place of a defendant's residence but also in the district where the claim arose. This amendment does not change the substantive law applicable to this lawsuit. It is wholly procedural. Absent some contrary indications by the Congress and absent any procedural prejudice to either party, the 1966 amendment to § 1391 is applicable to this suit. See *United States* v. *Alabama,* 362 U. S. 602; *Ex parte Collett,* 337 U. S. 55; *American Foundries* v. *Tri-City Council,* 257 U. S. 184, 201; *Pruess* v. *Udall,* 123 U. S. App. D. C. 301, 359 F. 2d 615. As this Court said in applying 28 U. S. C. § 1404 (a) to pending actions, "No one has a vested right in any given mode of procedure." *Ex parte Collett,* 337 U. S., at 71. And in any event, if the decision below were affirmed, the petitioner could reinstitute the same action in the same District Court and seek the benefits of the current version of § 1391, absent the barrier of any applicable statute of limitations. We do not, of course, intimate any views as to

whether this claim "arose" in the District of Colorado. That would be an issue for the District Court should it now be determined, in light of this opinion, that respondent was not doing business in Colorado when this suit was instituted.

*Reversed and remanded.*

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS, and MR. JUSTICE FORTAS join, dissenting.

This suit for damages caused by an illegal strike was brought by the Denver and Rio Grande Western Railroad against the Brotherhood of Railroad Trainmen and certain of its individual members in the United States District Court for Colorado where the Brotherhood's local lodges went on strike. The Brotherhood, an unincorporated association with its headquarters and principal place of business in Cleveland, Ohio, filed a motion to dismiss on the ground of improper venue. The District Court denied this motion, and after a trial without a jury, gave the railroad a $37,988 judgment against the union. The Court of Appeals reversed. 367 F. 2d 137. It held that the applicable venue statute, 28 U. S. C. § 1391 (b),[1] gave venue only to the district court for the district where the union's principal place of business is located. I would affirm this holding.

In holding venue improper as to the union, the Court of Appeals rejected the holding of the Second Circuit in *Rutland R. Co.* v. *Brotherhood of Locomotive Eng'rs,* 307 F. 2d 21, cert. denied, 372 U. S. 954, that a union may be sued under § 1391 (b) in any district where it is doing business. The Second Circuit in *Rutland* recog-

---

[1] 28 U. S. C. § 1391 (b):

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

nized that prior to the Judicial Code of 1948, under the predecessor of § 1391 (b),[2] most courts had held that an unincorporated association is suable only at its principal place of business and that the only express change made in pre-existing general venue law by the 1948 Code was the expansion of corporate venue from the place of incorporation to the place of doing business, § 1391 (c).[3] Nevertheless, the court reasoned that there are sound policies for treating unincorporated associations like corporations and that, though the language of § 1391 (c) expressly applies to corporations and not to unincorporated associations, Congress implicitly intended for the expanded concepts of corporate residence under § 1391 (c) to be applied in determining the residence of an unincorporated association under § 1391 (b).

For myself I cannot draw any such inference from the 1948 amendments to the general venue statute. Sections 1391 (b) and (c) were part of a general Code revision designed comprehensively to cover the rules of procedure, including venue, and there is no reference whatever in these sections or their legislative history, so far as I can determine, that would permit us to infer that Congress intended that unincorporated associations be treated as corporations for venue purposes, thus changing the judicially established rule that unincorporated associations are suable only at their principal place of business. Though this Court recognizes that "Congress has maintained its silence . . . with respect to the residence of

---

[2] 36 Stat. 1101, § 51, 28 U. S. C. § 112 (1940 ed.), provided that "no civil suit shall be brought in any district court against any person . . . in any other district than that whereof he is an inhabitant . . . ."

[3] 28 U. S. C. § 1391 (c):

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

the unincorporated association," it approves the *Rutland* holding because "sound policy considerations" indicate it "most nearly approximates the intent of Congress." In reaching this result, the Court adopts the *Rutland* reasoning that Congress in 1948 must have approved of assimilating for venue purposes the treatment of unincorporated associations to that of corporations, because such a process of assimilation had been advocated by Judge Learned Hand in *Sperry Prods., Inc.* v. *Association of American Railroads,* 132 F. 2d 408, cert. denied, 319 U. S. 744. The narrow issue dealt with in *Sperry* was where, under the special venue provisions for a patent infringement suit,[4] is an unincorporated association deemed to be an "inhabitant." The *Sperry* court first held that, since an unincorporated association can be sued in its own name to enforce a federal right, *United Mine Workers* v. *Coronado Co.,* 259 U. S. 344, and since it can be served with process under Fed. Rule Civ. Proc. 17 (b), it should, for venue purposes, be treated as a single individual, not an aggregate of individuals.[5] The *Sperry* court then held that for purposes of the special patent venue provision an unincorporated association is an "inhabitant" of the district where its principal place of business is located—precisely what the Court of Appeals held here as to § 1391 (b). In reaching this result, Judge Hand advanced legislative policy reasons,

---

[4] 36 Stat. 1100, § 48, 28 U. S. C. § 109 (1940 ed.), provided that suits for patent infringement must be brought "in the district of which the defendant is an inhabitant, or in any district in which the defendant . . . shall have committed acts of infringement and have a regular and established place of business."

[5] None of the parties here have suggested that an unincorporated association's residence for venue purposes depends on the residence of each individual member, and I agree with the Court's holding that an unincorporated association like a union is a single entity with a residence. The only problem here is to locate that residence.

similar to those advanced by the Court here today, for treating an unincorporated association like a corporation, then deemed to be an inhabitant only of its State of incorporation and of the district within that State where its principal place of business was located. It is Judge Hand's process of reasoning, not his holding, that the Court uses in assimilating the treatment of unincorporated associations under § 1391 (b) to the treatment of corporations under § 1391 (c).

I find many objections to doing what the Court does here. First, even assuming that in enacting § 1391 Congress was aware of the *Sperry* decision and thought it applicable to general, as distinguished from patent, venue rules [6] (an assumption I think completely unfounded), it is doubtful that Congress, without saying so, intended to reject the holding of that case—that an unincorporated association is suable at its principal place of business—but at the same time adopt its reasoning—dicta to the effect that an unincorporated association should be treated like a corporation. Second, the only indication I can find of what Congress intended in 1948 as to unincorporated associations comes from Professor Moore, who participated in drafting the Code and who in 1949 wrote:

> "*Sperry Products, Inc.* v. *Association of American Railroads* took the position that an unincorporated association is an 'inhabitant,' i. e., resident, of the district where it has its principal place of business.

---

[6] After *Sperry* the lower courts divided on whether its holding should be extended to the pre-1948 general venue provision (see n. 3, *supra*). Compare *Brotherhood of Locomotive Firemen* v. *Graham*, 84 U. S. App. D. C. 67, 175 F. 2d 802, rev'd on other grounds, 338 U. S. 232, and *Griffin* v. *Illinois Cent. R. Co.*, 88 F. Supp. 552, 555, with *Thermoid Co.* v. *United Rubber Workers*, 70 F. Supp. 228, 233–234.

> And this doctrine has been applied to a partner-
> ship . . . . The Code has changed none of these
> doctrines." [7]

Third, Congress in 1948 was clearly aware of the venue
problems involved in suing an unincorporated association.
Just the year before, in 1947, it had expressly considered
these problems in relation to suits against labor unions
to enforce collective bargaining agreements [8] and in
§ 301 (c) of the Labor Management Relations Act, 1947,
61 Stat. 157, 29 U. S. C. § 185 (c), explicitly provided for
venue in such suits "(1) in the district in which such orga-
nization maintains its principal office, or (2) in any district
in which its duly authorized officers or agents are engaged
in representing or acting for employee members." That
action is wholly consistent with the idea that Congress'
total failure in 1948 to provide a similar venue rule
applicable to other kinds of suits against a union was
neither inadvertent nor meant to be cured by judicial
implication. Whether there is "little" or much "merit"
in holding that venue of a union subject to the Railway
Labor Act, 44 Stat. 577, as amended, is different from the
venue of a union under the express venue provisions of
the National Labor Relations Act, 49 Stat. 449, as

---

[7] Moore, Commentary on the U. S. Judicial Code 193 (1949).
Now, however, for legislative policy reasons such as the protection
from abuse contained in the transfer provision of 28 U. S. C.
§ 1404 (a) and the multi-state nature of unincorporated associa-
tions' activities, Professor Moore believes the position taken in
*Rutland* "desirable." 1 Moore, Federal Practice ¶ 0.142 [5.–4], at
1508. See also Comment, 44 Calif. L. Rev. 130 (1956); Note, 39
St. John's L. Rev. 353, 358–360 (1965); Note, 13 Okla. L. Rev. 206
(1960); 45 Geo. L. Rev. 132 (1956). But see Kaplan, Suits Against
Unincorporated Associations Under the Federal Rules of Civil Pro-
cedure, 53 Mich. L. Rev. 945, 949–950 (1955); Comment, 8 Stan.
L. Rev. 708 (1956).

[8] H. R. Rep. No. 245, 80th Cong., 1st Sess., 108–109 (1947);
S. Rep. No. 105, 80th Cong., 1st Sess., 15–18 (1947).

amended, is a question for Congress, not this Court. Finally, since 1948 the lower courts have been completely divided on the question of whether an unincorporated association can be sued at a place other than its principal place of business.[9] In the light of all these things, I cannot impute to Congress an unarticulated intent to make an unincorporated association's venue precisely the same as that of a corporation.

Neither the language and history of the general venue statute nor any prior decision of this Court throws any light on the question presented here. In the final analysis it is simply an important question of public policy. Reasons can logically be advanced for expanding the venue of unincorporated associations to include districts where they engage in business, but just as strong reasons can be advanced for not doing so. Though venue, relating to the convenience of the litigants, is quite different from jurisdiction, relating to the power of a court to adjudicate, *Neirbo Co.* v. *Bethlehem Corp.,* 308 U. S. 165, 167–168, and though Congress may have more constitutional leeway to deal with venue than with jurisdiction, *Steelworkers* v. *Bouligny, Inc.,* 382 U. S. 145, venue rules

---

[9] Cases holding an unincorporated association may be sued only at its principal place of business: *Brotherhood of Locomotive Firemen* v. *Graham, supra,* at 69, n. 2, 175 F. 2d, at 804; *McNutt* v. *United Gas, Coke & Chem. Workers,* 108 F. Supp. 871, 875; *Salvant* v. *Louisville & N. R. Co.,* 83 F. Supp. 391, 396; *Westinghouse Elec. Corp.* v. *United Elec. Radio & Mach. Workers,* 92 F. Supp. 841, 842, aff'd without discussion, 194 F. 2d 770; *Cherico* v. *Brotherhood of R. R. Trainmen,* 167 F. Supp. 635, 637–638; cf. *Hadden* v. *Small,* 145 F. Supp. 387 (partnership). Cases holding that an unincorporated association may be sued where it does business: *Portsmouth Baseball Corp.* v. *Frick,* 132 F. Supp. 922; *Eastern Motor Express* v. *Espenshade,* 138 F. Supp. 426, 432; *American Airlines, Inc.* v. *Air Line Pilots Assn.,* 169 F. Supp. 777, 781–783; *R & E Dental Supply Co.* v. *Ritter Co.,* 185 F. Supp. 812; cf. *Joscar Co.* v. *Consolidated Sun Ray, Inc.,* 212 F. Supp. 634.

nevertheless pose policy considerations which are and should be weighed by Congress and not by this Court. As we said in *Olberding* v. *Illinois Central R. Co.,* 346 U. S. 338, 340: "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." I think the Court oversteps its boundaries in doing that which Congress did not choose to do in expanding the venue provisions with reference to corporations. I would leave the law of venue as it is until Congress decides its own policy.[10]

I would affirm the judgment of the Court of Appeals.

---

[10] Since I agree with the Court that the 1966 amendment of § 1391 (b) should apply to pending cases such as this one, I would not have filed this dissent had the Court remanded this case solely for a determination of the propriety of venue under the 1966 amendment.