FSI GROUP, Plaintiff,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

No. 80 CIV. 1208 (CBM).

United States District Court,
S. D. New York.

Nov. 24, 1980.

Goldschmidt, Fredericks, Kurzman & Oshatz, New York City, for plaintiff.

Warshavsky, Hoffman & Cohen, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant First Federal Savings and Loan Association has made a motion pursuant to Fed.R.Civ.P. 12(b)(2) and (3) to dismiss the complaint filed by plaintiff FSI for lack of personal jurisdiction and for improper venue. Plaintiff FSI is a New York limited partnership which has its principal place of business in the Southern District of New York. Plaintiff alleges that defendant, which has its principal place of business in South Dakota, repudiated and breached a standby agreement in which defendant agreed to purchase from plaintiff certain securities guaranteed by the Government National Mortgage Association (GNMA). Plaintiff further alleges personal jurisdiction over defendant pursuant to the New York CPLR § 301 and § 302(a)(1). For the reasons stated below, defendant's motion to dismiss must be denied.

The New York CPLR § 302 vests courts in this state with "personal jurisdiction over any non-domiciliary . . . who, in person or through an agent . . . transacts any business within the state." See Parke-Bernet v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). The due process clause of the Constitution requires that the transaction of business within the state meet the "minimum contacts" test set forth in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." The Supreme Court held in Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), that this requirement is satisfied when "the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Defendant's transaction of business in New York through its agents

Merrill–Lynch and Chase Manhattan Bank satisfies both these Constitutional standards and the CPLR § 302. Defendant is therefore subject to this court's jurisdiction.

At defendant's direction, millions of dollars worth of securities were purchased through agents Merrill–Lynch and New York banks Chase Manhattan and Morgan Guaranty Trust. On June 20, 1980, First Federal Savings and Loan Association, South Dakota, had funds transferred to Chase, N.Y., to close the transaction at issue. In addition, defendants gave Chase instructions for payment of GNMA securities by telex. The Chase bank was to release funds for the GNMA securities once they met standards specified by defendants. Included in defendant's instructions was that the securities were to be registered in defendant's name and sent to defendant by insured mail. For this service, defendant paid a fee. *See Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18–19, 209 N.E.2d 68, 75–76, *cert. denied sub nom. Estwing Manuf. Co., Inc. v. Singer*, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

The principle stated in *Marsh v. Kitchen*, 480 F.2d 1270 (2d Cir. 1973), that acts of an agent may be attributed to a principal, provides the basis for personal jurisdiction in this case. Defendant's answer to plaintiff's first set of interrogatories (Interrogatory No. 27 at 14) indicates a very substantial and continuous course of trading in securities, both directly and through agents. Several million dollars worth of payments were "caused to be sent" into the State of New York at the direction of investment firms such as Merrill–Lynch, Minneapolis. Many of these transactions involved GNMA securities, although the exact amount is in dispute. It is also indicated that defendant directly transferred funds to New York for the purchase of certain securities at the direction of Merrill–Lynch. It is clearly established from the sum and quality of transactions that defendant's contacts within the state exceed the necessary "minimum" and satisfy the "transacting business" requirement of CPLR § 302(a)(1). Where a third party complaint against a foreign principal arises out of the acts of his "agent" in New York, those acts will suffice for the jurisdictional requirement of "purposeful activity." *See Sterling National Bank & Trust Co. of New York v. Fidelity Mortgage Investors*, 510 F.2d 870 (2d Cir. 1975).

Defendant's claim that venue is improper under 28 U.S.C. § 1391 because the residence of each of the limited and general partners is not the Southern District of New York, must also be denied. While there is opposing thought on the issue, many courts have held that, for purposes of determining venue, the "residence" of a limited partnership, such as FSI, is the partnership's principal place of business–in this case, the Southern District of New York. In effect, the partnership is regarded as a jural entity, distinct from its individual partners. *Joscar Co. v. Consolidated Sun Ray, Inc.*, 212 F.Supp. 634 (S.D.N.Y. 1963). The domicile or residence of the individuals who make up the partnership is irrelevant for venue purposes because of the partnership's business nature, similar to that of a corporation. As stated by the Supreme Court in *Denver & R.G.W.R. Co. v. Railroad Trainmen*, 387 U.S. 556, 560, 87 S.Ct. 1746, 1748, 18 L.Ed.2d 954 (1967), the modern reality of a multi–state association permits the determination of proper venue by looking to the residence of the association rather than that of its individual members. *See also Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir. 1969); *United Mine Workers of America v. Coronado Coal Co.*, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922). For these reasons, the court finds that the plaintiff limited partnership has a separate residence from its members for venue purposes. Therefore, venue is proper in the Southern District of New York.

So ordered.