**In re Marianne STROOP, Thomas H. Stroop, Alleged Debtors.**

**Nos. 84 B 02736 M, 84 B 02735 M.**

United States District Court,
D. Colorado,
In Bankruptcy.

March 18, 1985.

William A. Ahlstrand, Boulder, Colo., for First Nat. Bank in Boulder.

Glen E. Keller, Jr., Denver, Colo., for debtors.

## FINDINGS OF FACT, CONCLUSIONS AND ORDER ON ALLEGED DEBTORS' MOTIONS TO DISMISS INVOLUNTARY PETITIONS

JOHN F. McGRATH, Bankruptcy Judge.

The facts relevant to this proceeding have been stipulated as follows:

On June 6, 1984, Petitioner, First National Bank in Boulder, filed Involuntary Petitions under Chapter 7, in Case Number 84 B 02736 M against Marianne Stroop and in Case Number 84 B 02735 J against her husband, H. Thomas Stroop. Both Petitions alleged all relevant facts to support the filing of involuntary petitions under 11 U.S.C. § 303, as the statute read at that time. On June 20, 1984, each Alleged Debtor responded disputing a number of those facts and seeking dismissal of the petitions. On October 24, 1984, the Alleged Debtors amended their responses and motions to dismiss, to include the defense that the claim of the Petitioner is subject to a bona fide dispute pending in state court, and, therefore, the Petitioner is not a valid petitioner under 11 U.S.C. § 303 as amended by Public Law 98–353 (the Bankruptcy Amendments and Federal Judgeship Act of 1984). After oral argument on November 13, 1984, the Alleged Debtors' Motions to Dismiss were taken under advisement by this Court.

Conclusions of Law:

1. Section 426(b) of Public Law 98–353 (the Bankruptcy Amendments and Federal Judgeship Act of 1984) [amending 11 U.S.C. § 303] is effective as to cases pending on its effective date, July 10, 1984, and is, therefore, applicable to this case.

2. There is insufficient evidence before this Court to determine whether the claim of Petitioner is subject to a bona fide dispute, and a hearing will be held on that issue.

Discussion:

■ The first issue to be addressed by this Court is whether the amendments to 11 U.S.C. § 303 enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98–353) are applicable to this proceeding. If they are, the Petitioner, in order to pursue its voluntary petitions, must establish that its claim is not the subject of a bona fide dispute. If the amendments are not applicable, Petitioner need only qualify itself as a petitioner under the pre-amendment version of section 303, which did not expressly require that Petitioner's claim not be subject to a bona fide dispute.

The Involuntary Petitions were filed on June 6, 1984. The 1984 Act was enacted on July 10, 1984. Section 553 of the Act sets forth the effective dates of the various provisions of the so-called substantive amendments contained in Title III of the Act. The amendments were made effective to cases filed 90 days after the date of enactment, with two exceptions. The amendments made by section 426(b) of the Act to 11 U.S.C. § 303 were made effective upon the date of enactment, and the collective bargaining amendments made by Subtitle J of the Act were made effective upon the date of enactment, but were made applicable only to cases filed on or after the date of enactment. Therefore, the Act sets forth three different effective date provisions for various sections of the substantive amendments contained in Title III of the Act.

■ In determining whether a statutory amendment is to be applied to pending cases, the first inquiry is into the legislative intent in enacting the amendment. It is significant to note what is not contained in section 553 of the Act. The general provisions and the collective bargaining provisions are specifically made effective only to cases filed after their respective effective dates. The effective date provision for the section 303 amendments does not contain such a restriction. Had Congress intended for the amendments to sec-

tion 303 to apply only to cases filed after their effective date, it seems reasonable to assume that Congress would have expressly stated so, as it did with the other amendments. Since Congress did not, the conclusion that remains is that Congress intended for the amendments to section 303 to apply to all cases pending as of the effective date, July 10, 1984.

The legislative history of the 1984 Act adds little enlightenment. Senator Baucus commented that the amendments to section 303 were to correct a "judicial misinterpretation of existing law and congressional intent as to the proper basis for granting involuntary relief." 130 Cong.Rec. S 7618 (June 19, 1984). As the amendments were intended to correct a perceived judicial misinterpretation of existing law, it is quite possible that the amendments were made immediately effective so that alleged debtors in pending cases would be protected at once. As noted in the Special Report to Bankruptcy Law Reports dealing with the 1984 Act, Special Report—Bankruptcy Amendments and Federal Judgeship Act, Bank L.Rep. (CCH, July 16, 1984) ¶ 1203(b):

> The amendments made by section 426(b) are to become effective upon the date of enactment of this Act. This accelerated effectiveness is designed to relieve in cases where no final order has been issued a perceived inequality in the law whereby creditors could file for involuntary bankruptcy relief even where the debtor's reason for not paying his debt is a bona fide dispute over his liability for the debt.

While this Court has been unable to locate a decision rendered to date in which the issue of the legislative intent as to the effective date of these amendments has been addressed, one court has concluded that the jurisdictional amendments contained in Title I of the 1984 Act apply to all cases pending on the effective date of the amendments. *In re Turbowind, Inc.*, 42 B.R. 579, 582, n. 3 (Bankr.S.D.Cal.1984). The language in the Act setting forth the effective date of the jurisdictional amendments is identical to that in question here.

A very similar issue arose regarding the 1981 amendments to 11 U.S.C. § 523(a)(5) dealing with dischargeability of debts. The 1981 Act also contained various effective dates, including some specifying that the particular provisions should apply only to cases filed after the appropriate effective date. The section 523(a)(5) amendments were made effective immediately, with no provision that they apply only to cases filed after the enactment date. While the courts have varied as to whether the section 523(a)(5) amendments applied to pending cases, the better-reasoned decisions concluded that, given the provisions set forth above, Congress intended for the section 523(a)(5) amendments to apply to cases pending on their effective date. *Matter of Reynolds*, 726 F.2d 1420 (9th Cir.1984); *Hudson County Welfare Department v. Roedel*, 34 B.R. 689 (D.C.D.N.J.1983), aff'd 734 F.2d 5 (3rd Cir.1984); and cases cited therein.

For the reasons set forth above, this Court concludes that Congress intended that the amendments to section 303 apply to cases pending as of their effective date.

The next inquiry for this Court is whether manifest injustice will result if the amendments are applied to pending cases. *Bradley v. School Board of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Reynolds, supra.; Roedel, supra.* Three factors are to be considered:

a) the nature and identity of the parties;

b) the nature of the rights affected; and

c) the impact of the change in law on pre-existing rights.

*Bradley, supra.* 416 U.S. at 717, 94 S.Ct. at 2019.

In this case, the parties involved are private, and the proceeding is more similar to a "routine private" dispute than a matter of national concern, as was the litigation in *Bradley*, which involved school desegregation. *Id.* at 718, 94 S.Ct. at 2019. The status of the parties alone will not render application of the amendments of section 303 to this proceeding manifestly unjust.

The power of placing an alleged debtor in involuntary bankruptcy is more a procedural remedy than a substantive right. Absent manifest injustice, no one has a vested right in a given mode of procedure. *Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967); *Koger v. Ball*, 497 F.2d 702 (4th Cir.1974); *Keller v. Dravo Corp.*, 441 F.2d 1239 (5th Cir.1971), cert. den. 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972). Thus courts have applied amendments to arbitration regulations (*Ames v. Merrell, Lynch, Pierce, Fenner & Smith*, 567 F.2d 1174 (2nd Cir.1977)); and venue (*Denver and Rio Grande, supra.*); and remedial procedures set forth in newly enacted statutes, such as the Longshoremen's and Harbor Workers' Compensation Act, (*Keller, supra.*); Equal Opportunity Act (*Koger, supra.*); and the Civil Rights Act of 1974 (*Congress of Racial Equality v. Town of Clinton*, 346 F.2d 911 (5th Cir.1964)); to cases pending at the time of their enactment.

The involuntary petition provisions provide a remedy for creditors who seek to place the alleged debtors into bankruptcy to avoid impairment of potential assets that could satisfy the debts to the creditors. Thus, section 303 is a remedial statute, setting forth one mode of procedure qualified creditors can follow to recover debts. Likewise, the amendments to section 303 deal with a remedy, rather than substantive property rights.

The relief sought by creditors under section 303 is entry of an order for relief placing the alleged debtors in involuntary bankruptcy. 11 U.S.C. § 303(h). If any rights vest in the creditors at all in a section 303 proceeding, they vest upon the entry of the order for relief. Courts have held that a debtor has no vested right to a discharge in bankruptcy at the time of filing its petition. *Roedel, supra.* at 693; *In re Esposito*, 31 B.R. 872 (Bankr.Conn. 1983); *In re Spell*, 650 F.2d 375 (2nd Cir. 1981). The right accrues at the time the judge rules on the discharge, and any amendments to the dischargeability provisions in the interim are applied by the judge, absent manifest injustice to the parties. *Roedel, supra.; Esposito, supra.; Spell, supra.* Likewise, it has been held that a creditor has no vested rights in priorities as set by state law at the time a bankruptcy petition is filed. *In re Pioneer Sample Book Co.*, 374 F.2d 953 (3rd Cir. 1967). So, any amendment affecting those priorities taking effect prior to the entry of the court's order is to be applied by the court. *Id.* at 957.

In this case, no order for relief has yet been entered. Thus, this Court must apply the law in effect now, which includes the amendments to section 303 which took effect on July 10, 1984.

Finally, the amendments to section 303 have little impact on any pre-existing rights of these parties. As both parties noted in their briefs, some courts had held, under the prior version of section 303, that a creditor whose claim was subject to a bona fide dispute could not be a petitioning creditor under section 303. See *In re B.D. International Discount Corp.*, 701 F.2d 1071 (2nd Cir.1983). So, it is possible that Petitioner here would not have been entitled to place the alleged debtors into involuntary bankruptcy were this Court to apply the prior version of section 303. In addition, creditors whose claims are subject to a bona fide dispute still have the right to pursue those claims in state court proceedings. Should they prevail there, they can then petition under section 303. Thus, the creditor retains all non-bankruptcy rights it has ever had to collect the disputed debt from the debtors, and its ability to place the debtor in bankruptcy is merely postponed until the dispute is resolved, rather than lost forever. See *Kuehner v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1936). Therefore, there is no injury to any pre-existing right that would render the application of the amendments to section 303 to pending cases manifestly unjust.

For the reasons set forth above, this Court holds that the amendments to section

303 contained in section 426(b) of Public Law 98–353, the Bankruptcy Amendments and Federal Judgeship Act of 1984, are applicable to cases pending as of July 10, 1984, including this case, and that such application is not manifestly unjust.

This Court must next address the issue of whether the Petitioner in this case holds a claim subject to a bona fide dispute. If it does, the Involuntary Petitions must be dismissed. If it does not, this Court must determine whether an order for relief should enter.

The only evidence the Court has before it is the pleadings of the parties in this case and their arguments at hearing. While the allegations and defenses raised in the state court proceedings are outlined, this Court does not have sufficient information to determine whether the state court proceeding is a bona fide dispute.

IT IS THEREFORE ORDERED that an evidentiary hearing shall be held at 8:30 a.m. on May 23, 1985, on the issue of whether the claim of the Petitioner is subject to a bona fide dispute.