AMERICAN CIVIL LIBERTIES UNION, Civil Liberties Union of Massachusetts, and New Hampshire Civil Liberties Union, Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,

Eagle Telecommunications, Inc./Colorado, et al., Intervenors.

No. 85–1336.

United States Court of Appeals, First Circuit.

Oct. 7, 1985.

Stuart T. Rossman, Theodore E. Dinsmoor, Boston, Mass., Cynthia M. Pols, Brunswick, Me., and Frederick Simpich, New York City, for National League of Cities, upon motion to dismiss petition for review.

Robert Perry, Michael Botein, and Burt Neuborne, New York City, for American Civil Liberties Union, Et Al., in opposition to motion to dismiss.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

On May 2, 1985, the Federal Communications Commission published a Report and Order[1] amending portions of the Cable Communications Policy Act relating to cable access channels, local regulation of basic cable service rates, ownership of cable systems by other media, local franchise fees, and franchise renewal standards. Close to two hundred entities, including municipalities, corporations, and public interest organizations, joined the proceedings by filing comments with the FCC regarding the proposed amendments.

Upon publication of a final order by the FCC, those parties who believe they are aggrieved by an order may petition for review of that order. Publication of the order in the Federal Register triggers commencement of the appeal period: parties intent on selecting the reviewing forum "race to the courthouse" in an effort to file the first petition.[2] Several parties sought review of the instant order: The American Civil Liberties Union (ACLU) and two of its local affiliates, The Civil Liberties Union of Massachusetts (CLUM) and the New Hampshire Civil Liberties Union (NHCLU), filed a petition for review at 3:00 on May 3 in this circuit; and the National League of Cities (NLC) filed a petition at 3:01 in the District of Columbia circuit.[3] NLC then intervened in the proceedings filed in this circuit by the ACLU to challenge whether NHCLU and CLUM had standing to seek review of the FCC's order, and whether venue was proper in this circuit.

### 1. *Standing of NHCLU and CLUM.*

Any "party aggrieved" by a final order of the FCC may file a petition for review of that order. 28 U.S.C. § 2344. The courts have consistently interpreted the term "party aggrieved" to require that a petitioner have participated in the agency proceedings. *See, e.g., Simmons v. I.C.C.,* 716 F.2d 40, 42–43 (D.C.Cir.1983); *Blackstone Valley National Bank v. Board of Governors of the Federal Reserve System,* 537 F.2d 1146, 1147 (1st Cir.1976).

Neither NHCLU nor CLUM filed comments or otherwise directly participated in the agency proceedings. Petitioners contend that NHCLU and CLUM are nevertheless "parties aggrieved" by the FCC's order because their interests were represented by ACLU in the administrative proceedings.

The interpretation of "parties aggrieved" urged by the petitioners would result in a dramatic expansion of the number of persons entitled to petition for review of an FCC order. Nothing in the statute suggests that Congress intended such a result. In fact the standard selected by Congress —*"party* aggrieved" as opposed to *"person* aggrieved"—demonstrates an intent to limit the number of persons entitled to

---

1. *Amendments of Parts 1, 63 and 76 of the Commission's Rules to Implement the Provisions of the Cable Communications Policy Act of 1984,* MM Docket No. 84–1296 (FCC 85–179, released April 19, 1985), 50 Fed.Reg. 18637 (May 2, 1985).

2. Title 28, United States Code, Section 2112(a) directs that the agency shall file the record of the administrative proceedings in the court where a petition was first filed.

3. Two other petitions were filed at the same time in the D.C. circuit. Thereafter, additional petitions were filed in both circuits, and intervenors joined each suit.

petition for review. *See Simmons v. I.C.C.*, 716 F.2d at 42–43.

■ The circumstances of this case present no compelling reason to ignore congressional intent. Petitioners do not contend that CLUM or NHCLU or their members are in any way disproportionately affected by the FCC order, nor do they contend that ACLU is incapable of competently and aggressively representing either affiliate during the review process. *Cf. Gage v. United States Atomic Energy Commission*, 479 F.2d 1214, 1221 n. 23 (D.C.Cir. 1973). Had NHCLU or CLUM wished to participate in the proceedings or review process as individual parties, they could have filed comments with the agency or petitioned for reconsideration of the FCC's final order. *See* 47 U.S.C. § 405; *Joseph v. F.C.C.*, 404 F.2d 207, 209 (D.C.Cir.1968). Failure to do either precludes them from petitioning for review of that order. *RCA Global Communications, Inc. v. F.C.C.*, 717 F.2d 1429, 1438 (D.C.Cir.1983); *City of Peoria v. General Electric Cablevision Corp.*, 690 F.2d 116, 119 (7th Cir.1982). *Cf. Research Corp. v. Asgrow Seed Co.*, 425 F.2d 1059, 1060–61 (7th Cir.1970) (failure of class member to intervene or otherwise participate in proceedings in lower court precluded his appeal).

2. *Venue.* A petition for review of an FCC final order may be filed "in the judicial circuit in which the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia Circuit." 28 U.S.C. § 2343. Courts have uniformly held that for venue purposes the residence of a corporate plaintiff is the place of its incorporation. *E.g., Rosenfeld v. SFC Corp.*, 702 F.2d 282, 283 (1st Cir.1983). ACLU argues that it is not subject to this general rule because it is a membership corporation. Instead, ACLU contends that its residence is "wherever its membership is doing business in furtherance of the corporate charter." We see no good reason to assign this unusual meaning to the term "residence" in Section 2343, and several good reasons not to do so.

■ ACLU argues that to determine venue a membership corporation should be treated like an unincorporated association. This analogy gets ACLU nowhere, however, since venue for an unincorporated association, like venue for a corporation, should be determined by looking to the residence of the association itself rather than that of its individual members. *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 559–60, 87 S.Ct. 1746, 1748–49, 18 L.Ed.2d 954 (1967). The residence of the ACLU itself is New York: the nationwide character of its membership does not affect venue.

■ ACLU appears to place some weight on the fact that it does business in both Massachusetts and New Hampshire through its local affiliates. The applicable venue statute, however, contains no provision for "doing business" as a basis for venue. Cf. the Labor Management Relations Act, 29 U.S.C. § 160(f) (a petition for review may be filed wherever the petitioner resides, transacts business, or where the practice complained of took place). Given the particularly narrow wording chosen by Congress in Section 2343, there is simply no basis to conclude that Congress intended to endow membership corporations with a choice of venue unavailable to other petitioners. To so hold would, moreover, sanction unlimited forum-shopping by membership corporations, a practice we are loath to encourage. *See Liquor Salesmen's Union Local 2 v. N.L.R.B.*, 664 F.2d 1200, 1204 (D.C.Cir.1981). Accordingly, we conclude that venue in this circuit is improper.

■ 3. *Disposition.* Although we agree with NLC on the merits of its motion, we cannot agree with its conclusion that no prejudice would ensue were we to dismiss ACLU's petition. A newly filed petition or motion to intervene would be untimely. ACLU and numerous parties who intervened as of right in the proceedings before us could be barred from participating in the review process entirely. Such a harsh result is uncalled for, and contrary to the interests of justice. Rather than

dismiss the proceedings, we will therefore transfer the matter to a court where venue is proper. *Pearce v. Director, Office of Workers' Compensation Programs,* 603 F.2d 763, 771 (9th Cir.1979); *National Resources Defense Council, Inc. v. Environmental Protection Agency* 465 F.2d 492, 495–96 (1st Cir.1972). For ACLU, venue would be proper in either the Second Circuit or the District of Columbia Circuit Court of Appeals. Selecting the appropriate forum to receive this case is not difficult. Numerous petitions for review were filed by other parties in the District of Columbia Circuit Court of Appeals. So far as we are aware, no petitions for review were filed in the Second Circuit Court of Appeals. Title 28, United States Code, Section 2112(a) provides a mechanical process for consolidating cases in one court where petitions for review of the same order have been filed in two or more courts of appeals.[4] That process requires that all cases be transferred to the court where the first valid petition was filed. *City of Gallup v. F.E.R.C.,* 702 F.2d 1116, 1120–21 (D.C. Cir.1983); *Westinghouse Electric Corp. v. United States Nuclear Regulatory Commission,* 598 F.2d 759, 767 (3rd Cir.1979). This appears to be the District of Columbia Circuit Court of Appeals. We need not decide whether § 2112(a) alone would justify the transfer of an improperly filed petition, since we are convinced that we have inherent power to transfer the matter in the interest of justice and for the convenience of the parties. *See Pearce v. Director, Office of Workers' Compensation Programs,* 603 F.2d at 771, and cases cited. In any event, a transfer to the D.C. Circuit would best serve the parties' interests in having the cases efficiently consolidated.

4. The statute provides:
    ... If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of

4. *Conclusion.* Petitioners NHCLU and CLUM are dismissed from the proceedings for lack of standing. The motion to dismiss for improper venue is denied. The clerk of this court shall certify the entries upon the docket with respect to this petition for review, and transmit and transfer such certification, together with the petition and all papers now on file with the clerk of this court in this proceeding, to the clerk of the United States Court of Appeals for the District of Columbia.[5]

the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

5. Remaining unresolved is ACLU's motion to defer filing of the joint appendix until briefs have been served and filed. Obviously, this motion should be addressed by the court where the agency record will be filed.