**B AND B ASSOCIATES, a New York Partnership, Plaintiff,**

v.

**Benton R. FONNER and Wilshire Financial Center, Ltd., a California Limited Partnership, Defendants.**

**No. 87 Civ. 4713 (JES).**

United States District Court, S.D. New York.

Nov. 29, 1988.

8

Wiener, Zuckerbrot & Weiss, New York City (Dennis M. Rothman, of counsel), for plaintiff.

Benton R. Fonner, Los Angeles, Cal., pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff B and B Associates sues Benton R. Fonner ("Fonner") and Wilshire Financial Center Ltd. ("Wilshire") for failure to pay under the terms of a settlement agreement. Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), and no defense as to personal jurisdiction has been asserted. Plaintiff has moved for summary judgment against Benton R. Fonner[1] pursuant to Fed.R.Civ.P. 56(c) and for the entry of a final judgment as to Fonner pursuant to Fed.R.Civ.P. 54(b). Fonner has cross-moved for a change of venue. For the reasons that follow, the motion for a change of venue is denied, the motion for summary judgment is granted, and the motion for entry of a final judgment is granted.

Defendant Fonner has not controverted the facts as set forth in plaintiff's statement of material facts as to which there is no genuine issue to be tried.[2] *See* S.D.N.Y.

1. Fonner has appeared pro se. Plaintiff has not moved for summary judgment against Wilshire because Wilshire is in bankruptcy and subject to a bankruptcy stay pursuant to 11 U.S.C. § 362. *See* Affidavit of William Hyman at ¶ 2.

2. Although Fonner did respond to plaintiff's motion, that response was neither filed with the

Local Civil Rule 3(g). The undisputed facts, then, are as follows. In settlement of a dispute between the parties, Fonner executed an agreement individually and in his capacity as general partner of Wilshire. *See* Plaintiff's Statement Pursuant to Local Civil Rule 3(g) ("Plaintiff's 3(g)") at ¶ 1. The agreement required Fonner to pay $2400 per month with interest until the principal amount of $24,000 with interest was paid. *See* Agreement and Mutual Release, annexed as Ex. A to Complaint, at ¶ 2. Fonner made two payments, and the amount of $19,200 with interest is now owing to plaintiff. *See* Plaintiff's 3(g) at ¶ 4.

In opposing this motion, Fonner does not dispute the debt itself. Instead, he argues that venue is improper or inconvenient and that defendant Wilshire is in bankruptcy.

■ The Court concludes that venue is proper in New York. In an action based on diversity, venue is proper in the district where "all plaintiffs or all defendants reside, or in which the claim arose." *See* 28 U.S.C. § 1391(a). Here, plaintiff is a New York partnership having its office in this district and therefore resides in this district for venue purposes. *See, e.g., FSI v. First Fed. Sav. & Loan Ass'n,* 502 F.Supp. 356, 357 (S.D.N.Y.1980); *cf. Denver & Rio Grande Western R.R. Co. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 559–62, 87 S.Ct. 1746, 1748–50, 18 L.Ed.2d 954 (1967). In addition, defendant has made no showing that New York is an inconvenient forum or that California would be more convenient. Since the burden rests on a party seeking a change of venue to show another forum is more convenient because of the convenience of parties or witnesses, *see Dow Jones & Co. v. Board of Trade,* 539 F.Supp. 190, 192 (S.D.N.Y.1982), and defendant has made no such showing, his motion for a change of venue must be denied.

■ Fonner also argues that Wilshire is in bankruptcy. However, a bankruptcy stay pursuant to 11 U.S.C. § 362(a) is generally limited to the debtor and does not protect a non-bankrupt co-defendant. *See Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). Although a Bankruptcy Court may extend the protection of an automatic stay to a non-debtor in some circumstances, *see id.,* no such extension has occurred here. Therefore, the fact that Wilshire is in bankruptcy is irrelevant to the liability of Fonner, who is independently liable on the contract.

Moreover, Fonner has not disputed the debt itself. Therefore, the motion for summary judgment must be granted.

■ Plaintiff also seeks the entry of a final judgment against Fonner pursuant to Fed.R.Civ.P. 54(b), which provides:

> When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In *Cullen v. Margiotta,* 811 F.2d 698 (2d Cir.1987), *cert. denied sub. nom. Nassau County Republican Comm. v. Cullen,* —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987), the Court of Appeals stated that in a multiple party situation where a complaint is dismissed as to one defendant but not others, the court should not generally direct the entry of a final judgment if the same or closely related issues remain to be litigated against the undismissed defendants. *See id.* at 710. Here, however, the Court has determined that Fonner is independently liable to plaintiff, and Fonner's liability to plaintiff is totally unrelated to any liability which Wilshire may also have to plaintiff. Moreover, since it is not clear when the bankruptcy stay as to Wilshire, the remaining defendant, will be lifted, to refuse entry of a final judgment against Fonner would have the effect of preventing plaintiff for an indefinite period from recovering against one defendant clearly liable to plaintiff merely because another de-

---

Court nor sent to chambers. The Court was unable to obtain a copy from defendant, but a copy of defendant's response was provided to the Court by plaintiff.

fendant is in bankruptcy. Therefore, the Court finds that there is no just reason for delay in the entry of a final judgment against Fonner.

For the reasons stated above, the motion for a change of venue is denied, the motion for summary judgment against defendant Fonner is granted and the motion for entry of a final judgment against Fonner is granted. Plaintiff may submit an appropriate judgment within thirty days of the filing of this Memorandum Opinion and Order.

It is SO ORDERED.